583 So.2d 111 (1991)
STATE of Louisiana
v.
Warren A. BERNARD.
No. 91-KA-7.
Court of Appeal of Louisiana, Fifth Circuit.
June 26, 1991.
Writ Denied October 4, 1991.
John M. Mamoulides Dist. Atty., James Maxwell, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Bruce G. Whittaker, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant-appellant.
Before KLIEBERT, GAUDIN and GRISBAUM, JJ.
GAUDIN, Judge.
Warren A. Bernard was convicted on November 9, 1983 of three counts of armed *112 robbery and one of attempted armed robbery and sentenced to 50 years at hard labor. From 1983 to 1990, Bernard did not file an appeal. In 1990, he did receive court authorization to file an out-of-time appeal.
Unfortunately, a transcript of Bernard's trial is not available. From the record, it appears that two different court reporters recorded the testimony. One could not be located while the other disposed of his records over five years old.
Bernard argues that his constitutional right to judicial review (Art. 1, Sec. 19 of the Louisiana Constitution of 1974) is being prejudicially denied. He asks that his convictions be reversed. The district court denied relief and we affirm.
Appellant relies on State v. Archie, 462 So.2d 248 (La.App. 4 Cir.1984). The defendant in this case, however, timely sought appellate court review of the trial court's denial of a pretrial motion to suppress. When a complete transcript couldn't be provided, the Fourth Circuit remanded for a new suppression hearing.
Bernard, obviously, did not file a timely appeal. He was over six years late. Court reporters in the 24th Judicial District Court (where Bernard was convicted) are required by LSA-R.S. 13:967(F) to preserve records for two years.
We do not believe appellant should benefit from his inaction from 1983 to 1990, particularly in the absence of any statutory violation regarding the keeping of records and in the total absence of any showing (or even suggestion) of bad faith by either court reporter or the prosecution. We are unaware of any state or federal statute or jurisprudence from Louisiana or elsewhere indicating that records should be preserved for six years or longer.
When Bernard's request for an out-oftime appeal was granted, it was no doubt assumed that a trial transcript could somehow, belatedly be prepared. This assumption was inadvertent and certainly regrettable. Justice is far better served, considering all facts and circumstances of this case, by the denial of Bernard's dilatory and lethargic attempt at judicial review than by the voiding of these serious convictions.
Had there been any reversible district court errors in Bernard's trial, or any that could have been resolutely argued on appeal, it is almost inconceivable that he and/or his trial lawyer would have waited so long before seeking redress. No reason is given for the delay except Bernard's unsupported statement in his application for post conviction relief filed in district court on February 2, 1990. In that pleading, Bernard says that he "constantly requested" that his counsel file an appeal but that these pleas were ignored.
LSA-C.Cr.P. art. 930.8, which became effective October 1, 1990, sets a time limitation of three years for the filing of post conviction relief applications. Although Bernard was and is not bound by this article's three-year time limitation, we note that he waited twice as long as now allowed before filing his application.
We hold that if a convicted felon waits more than six years before seeking post conviction relief, he cannot complain if a trial transcript is not obtainable.
This holding is, of course, now subject to the provisions of Art. 930.8. Even if Bernard fell under this article, he would not fit under any of the exceptions itemized in section A.
AFFIRMED
KLIEBERT, Judge, dissenting.
The defendant-appellant was convicted of three counts of armed robbery and one count of attempted armed robbery as a consequence of which, on November 18, 1983, he was sentenced to fifty years at hard labor. No appellate relief was sought until February 2, 1990 when an out-of-time appeal was sought and granted after a writ application to this Court on July 19, 1990. (See No. 90-KH-183).
In response to the appropriate motion, the trial court ordered that the record be supplemented with the transcript of the testimony of the witnesses at the trial. It was then learned that the essential elements *113 of the trial transcript cannot be located and are apparently lost forever.
The appellant contends that the mandate of Article 1, Section 19 of the Louisiana Constitution requires the review of a full transcript, without which there is no review and that, therefore, his conviction must be reversed and the matter remanded for a new trial.
In affirming the trial court's denial of relief the majority has held that,
1) As there was no statutory violation of R.S. 13:967(F) which requires Court reporters in the 24th Judicial District to preserve their records for two years, and
2) As the out-of-time appeal granted by us was based on the mistaken assumption that the records would be available, and
3) That had there been any reversible error in the trial, it is inconceivable that appellant or his attorney would have waited so long before seeking redress.
The position taken by the majority is unconscionable in concept and would be uneven in application. The provisions of Article 1, Section 19 of the Louisiana Constitution of 1974 are clear in unequivocably requiring that:
"No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law."
The above provides that its protection may be "intelligently waived." It does not provide for waiver by inaction, as the majority seems to hold, nor does it provide for a limitation on the length of time in which an appeal can be sought governed by statutory provisions relating to court reporters. Indeed, an examination of the statutes relating to court reporters in this circuit and the time for preservation of their records reveals the following variations:
R.S. 13:967(F)24th Judicial District Courttwo years from submission
R.S. 13:969(K)29th Judicial District Courtone year after judgment becomes final
R.S. 13:982(K)40th Judicial District Courtone year after judgment becomes final
R.S. 13:97523rd Judicial District CourtNone
Further, LSA-R.S. 15:511(A) provides a court reporter shall retain indefinitely all notes and tape recordings of a criminal case or, if the case was transcribed, then all notes and tape recordings shall be retained for at least two years after transcription is completed.
This Court has granted an appeal which is meaningless without a record and leaves as the appellant's only redress the granting of a new trial. It is pertinent to point out that the holding of the majority in affirming the judgment of the lower court is particularly egregious in that the record as made up and before us now reflects that the prosecutor, in closing argument concerning an eighteen year old defendant, remarked that "defendant had a drug problem" and "defendant had two prior convictions," both possibly improper depending, of course, on the complete transcript.
For the reasons assigned, I respectfully dissent.