ARMSTRONG, Judge.
On June 6, 1976, defendant, Thomas Murphy, was charged with armed robbery, a violation of La.R.S. 14:64. Although he originally pled not guilty, on November 16, 1976, he withdrew this plea and pled guilty as charged. A habitual offender bill information was filed against him, and on December 3, 1976, he pled guilty to the habitual offender bill and was sentenced to serve thirty-three years at hard labor. No mention was made of his ineligibility for parole. Although earlier writs filed by defendant were denied, on June 28, 1991, the defendant’s writ to the Supreme Court was granted, his sentence vacated, and the case was remanded for resentencing. State ex rel. Murphy v. Smith, 581 So.2d 663 (La.1991). On September 6, 1991, the trial court resentenced defendant to serve thirty-three years at hard labor without benefit of parole, probation, or suspension of sentence. On that date, the trial court also denied defendant’s motion to withdraw his guilty plea to the habitual offender bill, but it granted his motion for appeal.[1]
Defendant raises three assignments of error, the first of which is dispositive of this appeal. Defendant attacks his guilty plea to the habitual offender information. He contends that he was not adequately advised of his rights prior to pleading guilty to being a habitual offender. He also contends that he should be allowed to withdraw his guilty plea to the habitual offender bill because it was based upon a promise that he would be eligible for parole after serving one-third of his sentence. He argues that he remained under the impression that he was to be eligible for parole after he had served one-third of his sentence and found out at that time that under operation of law he was not eligible for parole. In connection with these claims, this court attempted to obtain the transcript of the defendant’s December 3, 1976 guilty plea to the habitual offender bill. However,' it has been learned by Section “B” personnel that the notes for this date have been destroyed.
With respect to the first claim, prior to the taking of a plea of guilty to the allegations of a habitual offender bill, a trial court must advise a defendant of his right to a formal hearing on the allegations, his right to have the State prove the allegations, and his right against self-incrimination. State v. Johnson, 432 So.2d 815 (La.1983); State v. Martin, 427 So.2d 1182 (La.1983); State v. Wheeler, 547 So.2d 12 (La.App. 4th Cir.1989).[2] Where the *780 court fails to so advise the defendant, the habitual offender adjudication and sentence must be vacated. State v. Jones, 557 So.2d 352 (La.App. 4th Cir.1990).
In the instant case, it is impossible to tell whether defendant was so advised when he pled guilty to being a habitual offender. As noted above, the transcript of this guilty plea is not available because the notes of the hearing were destroyed and the court reporter responsible for the transcript no longer works for the district court.
In addition, it is also impossible for this court to determine whether defendant’s guilty plea to the habitual offender bill was based upon the belief that he would be eligible for parole after serving one-third of his sentence. In State v. Hayes, 423 So.2d 1111, 1112 (La.1982), the Court stated: “A guilty plea has been found to be constitutionally infirm when the state does not fulfill an express or implied part of the plea bargain agreement which precipitated the defendant’s decision to so plead.” The Court further stated: “It is well settled that when a guilty plea is induced by a plea bargain or by what a defendant justifiably believes is a plea bargain, and that bargain is not kept, defendant is denied due process of law because the guilty plea was not freely and knowingly given.” Id. at 1114.
Hayes and most of the cases cited therein dealt with situations where the State specifically promised to take some actions with respect to the defendant’s case (i.e., recommending probation, State v. Neitte, 363 So.2d 425 (La.1978)), or not to take some action (i.e., not to file a habitual offender bill, Hayes). However, in State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982), the Court vacated the defendant’s guilty pleas and sentences due not to the failure of the State to live up to a plea bargain, but rather due to the fact that by operation of law the defendant’s sentence was more severe than what he had been led to believe it would be. The defendant pled guilty to various crimes with the understanding that he would receive concurrent sentences. However, he was never informed that one of the sentences would have to be served without benefit of parole eligibility. The Court found that the defendant’s plea had been made voluntarily, but not knowingly and intelligently, and it vacated the defendant’s pleas and sentences and remanded the case. The Court noted that “it is probably much more important to the defendant’s decision (about whether to plead guilty) that he understand the maximum penalty exposure.” Id. at 84. If the State is a party to a plea bargain agreement, the bargain has to be enforced. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Redfearn, 441 So.2d 200 (La.1983). If a plea bargain exists to which the State is not a party but upon which a defendant relied in pleading guilty, he must be allowed to withdraw his plea if he so desires. State ex rel. LaFleur, supra.
Defendant in the instant case is, by operation of law, ineligible for parole under La.R.S. 14:64. If he pled guilty to the habitual offender bill under the assumption that he would be eligible for parole after serving one-third of his prison term, it would appear that he would be entitled to withdraw this plea because its terms cannot be fulfilled. However, as noted above, it is impossible to determine if any such assurances were made when he pled guilty because this transcript is unavailable.
The question of unavailable transcripts was addressed by this court in State v. Lyons, 597 So.2d 593 (La.App. 4th Cir.1992). In Lyons, portions of the transcripts of the closing arguments and the jury instructions, which had been requested by appeal counsel, could not be obtained due to the theft of the court reporter’s notes. Because the defendant had different counsel at trial, appeal counsel argued that it could not adequately review the record to determine if error occurred at trial, and thus the defendant’s right to a meaningful appeal was violated. This court rejected this argument, finding that these missing portions of trial transcript were inconsequential omissions, and distinguished State v. Ford, 338 So.2d 107 (La.1976), where that Court found missing portions of the trial transcript to be indispens *781 able to the determination of the merits of the appeal. The Lyons court quoted Ford with respect to instances where reversal was mandated due to the unavailability of a transcript as follows:
... “The Supreme Court has made it clear beyond question that a criminal defendant has a right to a complete transcript of the trial proceedings, particularly where, as here, counsel on appeal was not counsel at the trial. Hardy v. United States, 1963, [1964] 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331. [U.S. v. Atilus] 425 F.2d 816 [(5th Cir.1970)].
Our Court has at least twice reversed convictions because of infirmities in the record available to the Court for review. In State v. Bizette, 334 So.2d 392 (La.1976), we remanded a case for new trial when the recording equipment used at the trial malfunctioned, and we were unable to adequately review the trial court’s denial of defendant’s motion for acquittal. Likewise, in the case of State v. Rooney, 187 La. 256, 257, 174 So. 348 (1937), where both parties entered a joint motion to have the verdict annulled and the case remanded, we reversed defendant’s conviction because of an incomplete record, stating:
‘the transcript of the testimony taken in relation to the bills of exception reserved by the defendant is so defective and in such condition that it is impossible to present the case intelligently on appeal. Hence it appears to be in the interest of justice that the verdict and sentence should be set aside and the case remanded for a new trial.’
In Louisiana, as in the federal courts, an appeal from a felony conviction is an absolute right. La. Const, art. VII, Sec. 10 (1921); La. Const, art. V, Sec. 5(D)(2) (1974); Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Without a complete record from which a transcript for appeal may be prepared, a defendant’s right of appellate review is rendered meaningless. A slight inaccuracy in a record on an inconsequential omission from it which is immaterial to a proper determination of the appeal would not cause us to reverse defendant’s conviction. But where a defendant’s attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he may properly perform his duty as appellate counsel, the interests of justice require that a defendant be afforded a new, fully-recorded trial.” at pps. 109-110. (emphasis added)
Lyons at 598.
The missing transcript in this case is not a trial transcript, but as in the cases mentioned above, it is the principal transcript upon which the two claims of this first assignment of error are based. As such, the situation here is analogous to that in Ford and distinguishable from that in Lyons. Because the transcript of the guilty plea to the habitual offender bill is unavailable, because this transcript is necessary for a determination of this assignment of error, and because it appears this assignment has great merit, we will vacate defendant’s adjudication as a habitual offender, vacate the sentence imposed thereunder, and remand this case for resentenc-ing.
Because we have resolved defendant’s appeal on this first assignment of error, we pretermit discussion of the second and third assignments of error urged by defendant.
For the foregoing reasons, we vacate defendant’s adjudication as a habitual offender, vacate the sentence imposed thereunder, and remand this case to the district court for resentencing.
HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED; REMANDED FOR RESENTENCING.

. Supplementation of the record with the transcript of the guilty plea to the multiple bill was requested, but on June 25th it was learned that this transcript is unavailable.

. Opinion amended on unrelated point, 550 So.2d 283 (La.App. 4th Cir.1989).