WICKER, Judge.
Warren A. Bernard appeals his resen-tencing, following appellate rulings from this court, on three counts of armed robbery (La.R.S. 14:64) and one count of attempted armed robbery (La.R.S. 14:27, 64). He argues that his new sentence is more severe than his original sentence. We affirm.
Bernard was convicted in 1983 of three counts of armed robbery, violations of La. R.S. 14:64, and one count of attempted armed robbery, a violation of La.R.S. 14:64, 27. The judge sentenced him to fifty years’ imprisonment on each of the armed robbery counts, with five of those years to be served without benefit of parole, probation, or suspension of sentence, and twenty-five years’ imprisonment on the attempt. The sentences were concurrent, with credit for time served.
Bernard’s conviction was affirmed following an out-of-time appeal. 583 So.2d 111 (La.App. 5th Cir.1991), writ denied 586 So.2d 540 (La.1991). He then moved to correct an illegally lenient sentence, arguing that La.R.S. 14:64 mandates that the entire sentence be served without benefit of parole, probation, or suspension of sentence.
We vacated Bernard’s sentence on writ applications (91-KH-838 and 92-KH-427) and remanded “for new sentences reflecting the statutorily mandated restrictions, in accord with State ex rel. Jackson v. Smith, 578 So.2d 1150 (La.1991).” That case requires, at p. 1150,
the record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, resentencing to the same term of years without benefit of parole is appropriate. If the intent of the judge who imposed the original sentence was to allow parole eligibility, then the resentencing judge may impose a sentence of a lesser term of years without benefit of parole to reflect that intent. If the intent of the judge who imposed the original sentence cannot be determined, then the resentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years originally imposed, to be served without benefit of parole.
The sentencing judge has complied with these requirements. He stated for the record that the fifty year sentence at hard labor, without benefit of parole, probation, or suspension, was his original intent. We do note an inconsistency between the minute entry and commitment and the transcript of the resentencing hearing. The minute entry and commitment indicate that only the first five years of each fifty year sentence is to be served without benefit of parole, probation, or suspension of sentence. [This was the original illegally lenient sentence.] The transcript should prevail. State v. Lynch, 441 So.2d 732 (La.1983); State v. Thomas, 604 So.2d 52 (La. *225 App. 5th Cir.1992). We therefore order that the minute entry and commitment be amended to conform with the transcript.
We affirm the sentence imposed on Warren Bernard: fifty years’ imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence, on each count of armed robbery; and twenty-five years’ imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, on the attempted armed robbery. These sentences will run concurrently, and Bernard will receive credit for time served.
AFFIRMED, WITH ORDER.