644 So.2d 1130 (1994)
STATE of Louisiana
v.
Calvin CLARK.
No. 93-KA-0321.
Court of Appeal of Louisiana, Fourth Circuit.
October 27, 1994.
Harry F. Connick, Dist. Atty., Susan M. Erlanger, Asst. Dist. Atty., New Orleans, for appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for appellant.
Before KLEES, LOBRANO and PLOTKIN, JJ.
LOBRANO, Judge.
Defendant, Calvin Clark, was charged by bill of information with armed robbery, a violation of Louisiana Revised Statute 14:64.
On January 5, 1982, defendant was arraigned and pled not guilty. Defendant *1131 waived trial by jury. He was found guilty as charged in a judge trial on March 9, 1982.
On April 30, 1982, defendant pled guilty to a multiple bill of information and was sentenced as a second offender to Sixty (60) years at hard labor.
On November 14, 1991, defendant was granted an out of time appeal by the trial court. On February 22, 1993, this Court ordered the trial court to take the necessary steps to have the trial transcript prepared. Similar orders were issued April 7, May 17, and August 10, 1993. On September 20, 1993, this Court received a letter from Andree Sullivan, Official Court Reporter, stating that the relevant minute book was missing and that she could not determine who had been the court reporter at defendant's trial. On September 29, 1993, this court gave the trial court thirty (30) days to produce the trial transcript. On March 3, 1994, the trial court was ordered to produce the transcript or face contempt proceedings. On March 25, 1994, this court received a minute entry from the trial court stating that the court reporter was Jack Lawrence, that the policy at that time was to allow the reporter to keep his notes, that Lawrence could not be found and the transcript was unavailable.

FACTS:
The following facts were taken from a statement of the trial court on May 10, 1982:
"On December 10, 1981, at 11:00 p.m., the victim was approached by the defendant at 1400 Bienville Street. The defendant produced a revolver and demanded money from the victim. The victim gave the defendant $100.00. The victim secretly followed the defendant to 1534 Bienville, where the defendant entered the residence at that address. The victim then summoned police.
Police officers went to the above address and asked all the occupants to step outside. At the time, the victim positively identified the defendant as the individual who had robbed him."
Defendant appeals his conviction and sentence asserting that his constitutional right to judicial review has been denied by not keeping a record of his trial and, as such, he is entitled to a new trial. We disagree.
Article I, Section 19 of the Louisiana Constitution of 1974 provides:
"No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law."
Despite this constitutional provision, a defendant is not necessarily entitled to have his conviction reversed just because there is no trial transcript available for review. State v. Bernard, 583 So.2d 111 (La. App. 5th Cir.1991), writ den. 586 So.2d 540 (La.1991); post conviction relief denied, 617 So.2d 223 (La.App. 5th Cir.1993); writ den., 631 So.2d 440 (La.1994). In Bernard, defendant was convicted in 1983 but did not move for an appeal until 1990 when he received authorization to file an out of time appeal. However, a transcript of his trial was not available because one court reporter could not be located and the other had disposed of his records. The court rejected defendant's argument that he was entitled to a reversal of his conviction stating:
"We do not believe appellant should benefit from his inaction from 1983 to 1990, particularly in the absence of any statutory violation regarding the keeping of records and in the total absence of any showing (or even suggestion) of bad faith by either court reporter or the prosecution." Id. at p. 112.[1]
On the other hand, the jurisprudence also reflects that where a defendant's right of review was prejudiced, not by his own act or omission, but the failure of the trial court to protest that right, the defendant was given relief.
*1132 In State v. Robinson, 387 So.2d 1143 (La. 1980), the defendant filed a timely motion for appeal and transcript of testimony for review. The court reporter was unable to provide a transcript of the testimony of two expert witnesses whose testimony was crucial. The court held that since the defendant did not waive his constitutional right to a record of that testimony there was a "substantial omission" in the record which necessitated a new trial.
In State v. LeBlanc, 367 So.2d 335 (La. 1979), defendant timely sought review of a misdemeanor conviction. The issue was whether a defendant was required to move for recordation of the proceedings in a misdemeanor case. No transcript or recording of the proceedings had been prepared. The court found that the portion of Code of Criminal Procedure Article 843 requiring a defendant to move for recordation conflicted with Article I, Section 19 of the Louisiana Constitution. In addition, the court found that the defendant had not waived his right to recordation.
In State v. Murphy, 613 So.2d 778 (La. App. 4th Cir.1993), this court vacated a multiple offender guilty plea because a transcript was unavailable. Two of the errors assigned in defendant's appeal pertained to the multiple bill guilty plea. In one error defendant asserted he was not adequately apprised of his rights. In the other he asserted he had been promised parole eligibility after serving one-third of his sentence. Murphy's original sentence did not deny parole eligibility as required by Louisiana Revised Statute 14:64. Murphy was denied parole by operation of law, a fact which was not known to him at the time of his conviction and sentence. Murphy pled guilty believing that he would be eligible for parole only to find out eleven years later that he would not be eligible for parole. Murphy continuously sought relief through writ application until he ultimately succeeded on appeal. He constantly pursued his appeal rights.
In the instant case, defendant was sentenced on April 30, 1982. Defense counsel filed a motion for appeal in defendant's presence. Within one week, on May 7, 1982, defendant wrote a letter to the Clerk of Criminal District Court advising that he was not going to file an appeal because he did not believe his court appointed attorney had adequately defended his rights. He indicated that he might file an appeal in the future. On that same day, defense counsel filed a motion to dismiss the appeal. On May 26, 1982, defendant filed a motion for his trial transcript. The trial court denied the request.[2] There was no application for supervisory writs to review that ruling. On June 28, 1982, defendant filed a second motion for production of the transcript in order to prepare post conviction litigation stating only that there was insufficient evidence to support the conviction. On July 15, 1982, the trial court granted in part and denied in part the motion, forwarding to defendant certified copies of the minute entries and bill of information relevant to his conviction. Again, no writ was taken. Subsequently, in February, 1983, September, 1984 and April, 1985, defendant filed applications for post conviction relief and a motion for production of documents. These applications were denied. Defendant did not seek supervisory writs to review those rulings. Defendant made no further attempt to appeal until June 12, 1990, over five years later, when he filed an application for post conviction relief requesting an out of time appeal. On July 6, 1990, the trial court denied his request based on his May 7, 1982 withdrawal of appeal. The Louisiana Supreme Court granted defendant's writ application and remanded the case to the trial court for an evidentiary hearing on whether or not he waived his right to appeal. No evidentiary hearing was held, only a status hearing, at which time the trial court simply granted defendant an out of time appeal.
Considering the many motions that defendant filed, it is obvious that he had a grasp of the judicial process and how to exercise and preserve his rights. In these various motions, defendant offered two reasons why he "involuntarily" waived his right to review. First, he states he was erroneously advised by counsel regarding the merits of an appeal, that counsel refused to perfect an appeal and directed defendant to hire new counsel. Second, *1133 defendant asserts that he believed his appeal was progressing only to find out that it had been dismissed. Neither reason is credible.
The record shows that appeal counsel timely filed a motion for appeal which was later dismissed at defendant's request. At no time did defendant seek review of any of the trial court rulings until 1990, nor did he seek to obtain new appeal counsel. In the intervening period, through no fault of the trial court, defendant's trial transcript record became unavailable. By waiving his initial appeal in 1982, defendant created the potential for the subsequent loss of his trial record. In addition, the minute entry of trial does not indicate that the defense reserved any bills of exceptions or objected to any evidence. No motion for a new trial or for post verdict judgment of acquittal was filed. Thus, it is highly unlikely that any issues were preserved for appellate review.
Defendant opted for a judge trial. The trial judge has provided the record with a summation of his findings of the facts which reveal a simple case with little likelihood of misidentification. Furthermore, when the court granted an out of time appeal, it did so when it was not aware that the transcript was unavailable.[3] We conclude that the absence of defendant's trial transcript under the circumstances of this case is not a sufficient basis to warrant a new trial.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Louisiana Revised Statute 15:511(A) was enacted in 1986 and provides that in all criminal cases notes and tape recording shall be retained "indefinitely". However, that statute does not apply to defendant who was convicted in 1982.
[2] Presumably there was no showing of a particularized need.
[3] In Bernard, supra, the court noted this same situation:

"When Bernard's request for an out of time appeal was granted, it was no doubt assumed that a trial transcript could somehow, (sic) belatedly be prepared. This assumption was inadvertent and certainly regrettable. Justice is far better served, considering all facts and circumstances of this case, by the denial of Bernard's dilatory and lethargic attempt at judicial review than by the voiding of these serious convictions." at p. 112.