650 So.2d 808 (1995)
STATE of Louisiana
v.
Donald J. FORD.
No. 92-KA-2029.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1995.
*809 Harry F. Connick, Dist. Atty. of Orleans Parish, Val M. Solino, Asst. Dist. Atty., of Orleans Parish, New Orleans, for plaintiff/appellee.
Robert J. Pastor, New Orleans, for defendant/appellant.
Before BARRY, PLOTKIN and WALTZER, JJ.
BARRY, Judge.
The defendant was convicted of armed robbery on February 28, 1980 and on October 8, 1980 was sentenced to twenty years at hard labor with credit for time served, the sentence concurrent with previous sentences. The record contains a motion for appeal (signed only by defense counsel) which was filed on or about October 28, 1980. The November 12, 1980 minute entry sets a return date of January 12, 1981, indicating the appeal was granted. No appeal was lodged with the Supreme Court. On January 6, 1992, the district court "reinstated" the appeal and the record was lodged in this Court without a transcript. Defendant seeks a new trial based on unavailability of the transcript for appellate review. We affirm.

Facts
The record does not contain the trial transcript or any evidence of the facts. The court reporter no longer works for the district court and the recording of the trial is unavailable.
The defendant states in his application for post conviction relief requesting an out of time appeal that he was charged with aggravated kidnapping and armed robbery at a department store in 1979. The facts of the aggravated kidnapping are in State v. Ford, 92-1248 (La.App. 4 Cir. 1/13/94); 631 So.2d 477.

Unavailability of Transcript
The Louisiana Code of Criminal Procedure requires recordation of all trial proceedings and reads in pertinent part:
In felony cases, ... the clerk or court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel.
La.C.Cr.P. art. 843.
The Louisiana Constitution ensures the right of judicial review based on a complete record of the evidence. La. Const. Art. I, § 19 provides:
No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.
Where appellate counsel was not counsel at trial and the court reporter did not record the testimony of several state witnesses, voir dire and opening statements, the "defendant's right of appellate review is rendered meaningless" and the conviction must be set aside. State v. Ford, 338 So.2d 107, 110 (La.1976). The defendant may be entitled to relief when the right of review based on a complete record is prejudiced by the trial court's failure to protect that right. See State v. Robinson, 387 So.2d 1143 (La. 1980); State v. LeBlanc, 367 So.2d 335 (La. 1979).
Despite the constitutional right to complete review, a defendant is not entitled to relief where his right of review is prejudiced by his own act or omission. State v. Clark, 93-0321 (La.App. 4 Cir. 10/27/94); 644 So.2d 1130; State v. Bernard, 583 So.2d 111 (La.App. 5th Cir.), writ den. 586 So.2d 540 (La.1991).
In State v. Clark, the defendant was sentenced in April 1982. Defense counsel filed a motion for appeal in the defendant's presence. *810 A week later the defendant advised the clerk of court in writing that he would not appeal and his counsel filed a motion to dismiss the appeal. In May 1982 the defendant's motion for his trial transcript was denied. In June 1982 the defendant filed another motion for the transcript which the trial court denied in part and granted in part and forwarded copies of the minute entries and bill of information. In February 1983, September 1984 and April 1985, the defendant filed for post conviction relief and a motion for production of documents which the trial court denied. The defendant did not seek supervisory review of any of the rulings and did not request an out of time appeal until June 12, 1990. This Court rejected the defendant's allegations that he "involuntarily" waived his right of review and held that he was not entitled to a new trial:
The record shows that appeal counsel timely filed a motion for appeal which was later dismissed at defendant's request. At no time did defendant seek review of any of the trial court rulings until 1990, nor did he seek to obtain new appeal counsel. In the intervening period, through no fault of the trial court, defendant's trial transcript record became unavailable. By waiving his initial appeal in 1982, defendant created the potential for the subsequent loss of his trial record. In addition, the minute entry of trial does not indicate that the defense reserved any bills of exceptions or objected to any evidence. No motion for a new trial or for post verdict judgment of acquittal was filed. Thus, it is highly unlikely that any issues were preserved for appellate review.
Clark, 644 So.2d at 1133.
In Bernard, supra, the defendant was convicted in 1983 and moved for an out of time appeal in 1990 when the transcript was no longer available. The Louisiana Fifth Circuit affirmed the conviction and stated:
We do not believe appellant should benefit from his inaction from 1983 to 1990, particularly in the absence of any statutory violation regarding the keeping of records and in the total absence of any showing (or even suggestion) of bad faith by either court reporter or the prosecution.
Bernard, 583 So.2d at 112.
In this case the defendant filed a motion for appeal and a return date was set for January 12, 1981. However, for reasons not disclosed in the record, the appeal was not lodged with the Supreme Court. The defendant alleged in his application for post conviction relief (filed September 30, 1991) that the Supreme Court informed him on September 21, 1984 that there was no record of an appeal filed in his armed robbery case. The defendant waited seven years to seek an out of time appeal.
Considering that the defendant was informed in September 1984 that the appeal was not perfected and defendant did nothing to pursue his right of judicial review until September, 1991, seven years later, and the transcript became unavailable in the intervening period, we conclude that the defendant is not entitled to a new trial. Moreover, the minute entries for trial and sentencing show no objection by the defense, and it is unlikely that any issue was preserved for appellate review. See State v. Clark, 644 So.2d at 1133.

Illegally Lenient Sentence
We reviewed the record for errors patent and discovered that the district court did not order the defendant's sentence to be served without benefit of parole, probation or suspension of sentence. See La. R.S. 14.64(B). The sentence is illegally lenient. Nonetheless, we cannot correct an illegally lenient sentence when the state or the defendant failed to raise the issue. State v. Fraser, 484 So.2d 122 (La.1986).
The conviction is affirmed.
AFFIRMED.