**STATE OF LOUISIANA**      \*      **NO. 2021-KA-0063**

**VERSUS**      \*

     **COURT OF APPEAL**

**KENDALL HARRISON**      \*

     **FOURTH CIRCUIT**

     \*

     **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 512-156, SECTION "J"
Honorable Darryl A. Derbigny, Judge
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*
(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge
Dale N. Atkins)

Jason Rogers Williams
DISTRICT ATTORNEY
ORLEANS PARISH
G. Benjamin Cohen
ASSISTANT DISTRICT ATTORNEY
CHIEF OF APPEALS
David B. LeBlanc
ASSISTANT DISTRICT ATTORNEY
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR APPELLEE

Mary Constance Hanes
LOUISIANA APPELLATE PROJECT
P. O. Box 4015
New Orleans, LA 70178

     COUNSEL FOR APPELLANT

         **CONVICTIONS AND SENTENCES VACATED;**
         **REMANDED FOR NEW TRIAL**
         **JANUARY 12, 2022**

TGC
RML
DNA

Kendall Harrison (hereinafter "defendant") appeals his re-sentencing for the convictions of second-degree murder and armed robbery with a firearm. Defendant requests this Court consider his appeal in light of the United States Supreme Court opinion in *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). After consideration of the record before this Court and *Ramos*, we vacate defendant's convictions and sentences for second-degree murder and armed robbery with a firearm and remand the matter for a new trial.

## Facts and Procedural History

The underlying facts of this case are set forth in this Court's previous appellate opinion. *State v. Harrison*, 2017-0054 (La.App. 4 Cir. 3/21/18), 239 So.3d 406. The procedural history germane to this appeal is that defendant was found guilty of second-degree murder and armed robbery with a firearm. The jury returned non-unanimous verdicts on both charges: second-degree murder (10-2); and armed robbery with a firearm (11-1). Defendant was sentenced to life imprisonment with the possibility of parole after forty-five years on the second-degree murder conviction and forty-five years on the armed robbery with a firearm conviction. While affirming defendant's convictions of second-degree murder and armed robbery with a firearm, this Court vacated the sentence on the armed

robbery with a firearm conviction based on the trial court's failure to specify whether defendant's sentence included the enhanced term of imprisonment under La. R.S. 14:64.3. *Id.*, 2017-0054, pp. 12-13, 239 So.3d at 414-15. We also remanded the matter for the trial court to re-sentence defendant on the second-degree murder conviction pursuant to La. C.Cr.P. art. 878.1. *Id.*, 2017-0054, p. 30, 239 So.3d at 424.

On December 3, 2018, the trial court re-sentenced defendant. The trial court maintained the sentence of life imprisonment for the conviction of second-degree murder and removed the parole prohibition. Defendant was also re-sentenced to forty years, plus five years for the firearm enhancement pursuant to La. R.S. 14:64.3, for the armed robbery with a firearm conviction. This appeal followed.

## Discussion

In his sole assignment of error, defendant asserts that his Sixth and Fourteenth Amendment rights were violated by the lack of unanimous jury verdicts on the second-degree murder and armed robbery with a firearm convictions.

## Applicability of *Ramos*

Defendant argues that because his appeal was pending at the time *Ramos* was decided, his appeal is on direct review which entitles him to *Ramos* relief. Conversely, the State asserts that defendant's conviction and sentence became final after expiration of the rehearing deadlines set forth in La. C.Cr.P. art. 922. As such, the State maintains that defendant's appeal is not on direct review and he is not entitled to *Ramos* relief.

The docket master reflects that on January 4, 2019 defendant filed a *pro se* motion for appeal of the trial court's December 3, 2018 re-sentence. The trial court granted the appeal, issued a notice of appeal on May 24, 2019, and set an appeal

status hearing for August 5, 2019. Defendant's appeal was lodged with this Court on February 10, 2021.

The right to appeal is a personal right and the defendant must be afforded an opportunity to exhaust appellate review. *See* La. Const. Art. 1, § 19; *see also State v. Gonzales*, 1995-0860, p. 7 (La.App. 4 Cir. 9/18/96), 680 So.2d 1253, 1256. An appeal is the exercise of the right of the defendant or the state to have a ruling or judgment reviewed by the proper appellate court. La. C.Cr.P. art. 911. Pursuant to La. Const. Art. 1, § 19, "[n]o person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based… ."

Defendant's principal argument is that because he had not exhausted his right to appellate review on his re-sentencing when *Ramos* was decided by the United States Supreme Court, he is on direct review. While no clear jurisprudence exists defining when a defendant is no longer considered on direct review, an examination of Louisiana's criminal statutes provides guidance. La. C.Cr.P. art. 922 suggests that a defendant remains on direct review until the "judgment of conviction and sentence" become final. A judgment of the Louisiana Supreme Court or the appellate court becomes final after expiration of the delays for filing an application for rehearing; or upon denial of the writ application by the appellate court; or the denial of the writ of review by the Louisiana Supreme Court. La. C.Cr.P. art. 922. By the clear language of this article, the time delays do not commence until both the conviction and sentence have become final. Thus, a case remains on direct review until the conviction and sentence have both become final. *See State ex rel. Frazier v. State*, 2003-0242 (La. 2/6/04), 868 So.2d 9; *See also State ex rel. Wilson v. State*, 2001-1464 (La. 3/15/02), 812 So.2d 622.

3

When *Ramos* was decided, on April 20, 2020, this Court had not considered defendant's current appeal of his December 3, 2018 re-sentencing. As a "judgment of conviction and sentence" become final upon the expiration of delays set forth in La. C.Cr.P. art. 922, defendant had not yet received a final "judgment of conviction and sentence" because a review of his re-sentencing remained on appellate review. Therefore, the time delays of La. C.Cr.P. art. 922 had not yet commenced. Accordingly, defendant's appeal remained on direct review.

In *Ramos,* the United States Supreme Court held that jury verdicts in state felony trials must be unanimous. *Ramos,* 590 U.S. at ____, 140 S.Ct. at 1397, 206 L.Ed.2d 583 (2020); *see also State v. Myles,* 2019-0965 (La.App. 4 Cir. 4/29/20), 299 So.3d 643. Further, in *Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004), the Court observed that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review." As defendant's case is pending on direct review, we are bound by the United States Supreme Court's decision in *Ramos*. Defendant was found guilty of second-degree murder by a 10-2 verdict and armed robbery with a firearm by a verdict of 11-1. Neither verdict was unanimous. Therefore, we remand the case to the trial court for a new trial.

### Decree

Based on the foregoing, we vacate defendant's convictions and sentences for second-degree murder and armed robbery with a firearm and remand the matter for a new trial.

**CONVICTIONS AND SENTENCES VACATED; REMANDED FOR NEW TRIAL**