657 So.2d 1104 (1995)
STATE of Louisiana
v.
Alvin DIGGS and Karl W. Landry.
No. 93-KA-0324.
Court of Appeal of Louisiana, Fourth Circuit.
June 29, 1995.
Harry F. Connick, Dist. Atty., Mark D. Pethke, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defendant Program, New Orleans, for defendants-appellants.
Before SCHOTT, C.J., and JONES and MURRAY, JJ.
*1105 SCHOTT, Chief Judge.
Defendant Karl Landry was convicted of three counts of distribution of cocaine in violation of LSA-R.S. 40:967. Defendant Alvin Diggs was convicted of one count of the same offense. They were both sentenced under the Habitual Offender Law to fifteen years at hard labor.
Since one of their assignments of error is meritorious and results in a reversal of their convictions, we need not discuss the others. The meritorious assignment relates to the lack of a transcript of a part of the testimony of a State witness.
This case involved a narcotics investigation conducted by Officers William Prats, Timothy Walsh, and Benja Johnson. Prats coordinated the operation and selected Johnson to work undercover by making narcotics purchases from dealers on streets of New Orleans in areas known to be frequented by drug dealers. The procedure was for Johnson to cruise around until he was flagged down by a peddler. He was wired to communicate with Prats and Walsh who were in another car nearby. After Johnson made a buy, he reported his position and a description of the peddler to Prats and Walsh who immediately came to the scene and identified the peddler as Johnson left the scene maintaining his cover. Prats later obtained an arrest warrant for the peddler to be executed when the entire operation was concluded. This procedure resulted in the arrest of the two defendants.
Only a portion of the transcript of the direct examination of Prats is in the record. This is interrupted by a note from the court reporter that no further tapes were found for that day's testimony. Consequently, there is no transcript of the remaining direct examination of Prats, his cross examination, or redirect examination if any.
In his brief to this court, defendants' counsel argues that he did not try the case and has no idea whether a motion for mistrial or other objections were made during that portion of the testimony of Prats of which the transcript is missing. The State argues that the minute entry does not reflect that the defense made any objections and that the missing transcript is not a substantial portion of the record which impairs appellate review.
The simple fact of the matter is that no one knows how "substantial" the missing portion is because no one knows what was in it. Present counsel would not know because he was not at the trial. As to objections, it is obvious from a comparison between the minute entry and the transcript which is available to us that this minute clerk did not record all objections made during the testimony of the witnesses. Consequently, we cannot conclude that no objection or even no motion for mistrial was made. To do so would constitute speculation on our part.
The defendants who are subject to imprisonment for fifteen years are entitled under our constitution to appellate review based upon a complete record of the evidence upon which their conviction is based. Constitution article I, § 19. They are also granted the same right to a complete record of the testimony of the witnesses by C.Cr.P. art. 843. Where a defendant's attorney is unable, through no fault of his own, to review a substantial part of the trial record so that he may properly discharge his duty as appellate counsel the defendant is entitled to a new, fully recorded trial. State v. Ford, 338 So.2d 107, 110 (La.1976).
This problem is not defendants' fault. They took a timely appeal in November 1991 with retained counsel, but he failed to pay for the transcript despite pressure from this court. Defendant Diggs filed a series of pro se motions which finally resulted in the production of the transcript as far as it goes and the lodging of the appeal in this court.
We have concluded that appellate review under the circumstances of this case would be meaningless. Only two of the three policemen involved in this operation testified. The defendants testified that Walsh had tried to get them to sell narcotics for him and when they refused he threatened to retaliate. The State did not call Walsh and even though the defendants subpoenaed him, he did not appear. Under these circumstances, the missing portion of Prats' testimony cannot be dismissed as unimportant or insubstantial.
*1106 Accordingly, the convictions and sentences are reversed and the case is remanded to the trial court for a new trial.
REVERSED AND REMANDED.