| .PLOTKIN, Judge.
Defendant Patrick Ruffin was charged by bill of information on September 15, 1993 with two counts of armed robbery. Defendant pleaded not guilty at his September 23, 1993 arraignment. Defense counsel waived all motions on October 26, *625 1993. On April 12, 1994, following trial by a twelve-person jury, defendant was found guilty as charged on both counts. The trial court denied defendant’s motions for new trial on August 4, 1994 and on August 29, 1994. On January 19, 1996, the trial court sentenced defendant to thirty years at hard labor without benefit of parole, probation or suspension of sentence on each count, to run concurrently. That same date, defendant was adjudicated a third-felony habitual offender and sentenced to sixty-six and two-thirds years at hard labor without benefit of parole, probation or suspension of sentence on each count, with sentences to run concurrently. On April 8, 1998, on order from this court, the trial court again considered defendant’s motion for new trial and denied the motion. The defendant now appeals from these convictions and sentences.
|,FACTS:
On May 9, 1993, Keith Moulliet and Nicole Michelle were driving in Moulliet’s 1991 red Toyota pickup truck when Moul-liet stopped to use a payphone. Upon exiting the vehicle and while approaching the phone, three men arm robbed him and Michelle. The three fled the scene in the truck. The next day, the truck was discovered in Algiers and Moulliet identified the truck as his. After investigating, the police presented Moulliet and Michelle with photographic lineups and two of the suspects were identified, one being defendant, Patrick Ruffin. Defendant was subsequently arrested.
PRO SE ASSIGNMENT OF ERROR SIX:
In his last assignment of error, filed as a supplemental pro se brief, defendant argues that his right to complete appellate review has been violated because a portion of Detective Bass’s testimony is missing from the transcript. Detective Bass was the lead detective in the case and on redirect examination, the court allowed the prosecutor to delve into an area previously unexplored on direct examination or cross-examination. Specifically, the prosecutor began to ask Detective Bass questions about whether anyone checked the stolen vehicle for fingerprints and whether any suitable fingerprints were lifted from the vehicle. Defense counsel objected on the grounds that Detective Bass was not qualified as an expert in fingerprint analysis and that this issue was beyond the scope of cross-examination. Rather than decide the objection, the trial court stated that it was going to take a ten minute recess to allow the jury to refresh themselves. However, the transcript does not restart with a determination of the objection. Rather, the stenographer’s note states that “this reporter is transcribing from previously | -¡recorded audio tapes only. At this time tapes resume with the next witness sworn and being examined by the State.”
There is no way to determine how much longer Detective Bass testified and the substance of his testimony. There is also no way of determining who the second witness is after Detective Bass. This witness testified as to fingerprint evidence but whether or not he was qualified to so testify is something this court cannot know. Moreover, there are no minute entries in the record for the actual trial; nor is there a docket master entry for the date of trial. The only thing in the record, in the docket master, is the date of the trial with no language whatsoever following it. Moreover, the stenographer believes that this is a different witness, which she has labeled “fingerprint expert” in the table of contents of the trial transcript, not a resumption of Detective Bass’ testimony.
The defendant in his brief states that the testimony of Detective Bass is incomplete and makes no reference to a different “fingerprint expert” that was called to testify. However, in reality, as noted, we cannot determine who is testifying after the lapse in the transcript. At no point does either attorney, on cross or direct examination call this witness by name and as mentioned, there is no docket master or minute entry pertaining to the actual trial.
*626 Moreover, defendant alleges that during the missing testimony, defense counsel made two objections: one to a reference by Detective Bass to other crimes evidence, specifically regarding a prior arrest of the defendant; and another objection based on Detective Bass testifying as an expert on fingerprint analysis. Throughout Detective Bass’s testimony he makes reference to defendant’s “B of I” photograph, and he had been warned several times by the trial court not to do so.
|4The Louisiana Constitution guarantees individuals judicial review based on a complete record:
§ 19. Right to Judicial Review
Section 19. No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.
Also, Louisiana Code of Criminal Procedure article 843 provides:
Art. 843. Recording of proceedings In felony cases, and on motion of the court, the state, or the defendant in misdemeanor cases tried in a district, parish, or city court, the clerk or court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel.
In State v. Thetford, 445 So.2d 128 (La.App. 3 Cir.1984), the record was missing defense counsel’s cross-examination of state’s witnesses, as well as the entire testimony of two defense witnesses. The defendant argued that these were primary alibi witnesses. The appeals court found that these could not be considered an “inconsequential omission”. The court stated:
Without a complete record from which a transcript for appeal may be prepared, a defendant’s right of appellate review is rendered meaningless. A slight inaccuracy in a record or an inconsequential omission from it which is immaterial to a proper determination of the appeal would not cause us to reverse defendant’s conviction. But where a defendant’s attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he may properly perform his duty as appellate counsel, the interests of justice require that a defendant be afforded a pnew, fully-recorded trial. State v. Ford, 338 So.2d 107 (La.1976); State v. Jones, 351 So.2d 1194 (La.1977).
Id. at 129. The court set aside the defendant’s conviction and sentence and remanded for a new fully recorded trial.
However, in State v. Clark, 93-0321 (La.App. 4 Cir. 10/27/94), 644 So.2d 1130, writ denied, 94-2884 (La.3/24/95), 651 So.2d 287, this Court refused to grant the defendant a new trial. In that case, the entire trial transcript was unavailable. The defendant was convicted on April 30, 1982, however, he did not receive an out-of-time appeal until November 14, 1991, at which time the record had to be prepared. At the time he was convicted, his attorney filed for an appeal, however, the defendant then informed the clerk of court that he did not want to appeal. When he did finally receive an out-of-time appeal, the court reporter could no longer be found, and thus, the trial transcript was unavailable. This court entered into a lengthy discussion of why the defendant did not take a timely appeal; basically, this court found that the lengthy delay was the fault of the defendant and he would not be allowed the benefit of a new trial for his own omissions. The court then cited State v. Bernard, 583 So.2d 111, 112 (La.App. 5 Cir.1991), writ denied, 586 So.2d 540 (La.1991), which declared, ‘We do not believe appellant should benefit from his inaction from 1983 to 1990, particularly in the ab *627 sence of any statutory violation regarding the keeping of records and in the total absence of any showing (or even suggestion) of bad faith by either court reporter or the prosecution.” In State v. Ford, 92-2029 (La.App. 4 Cir. 1/31/95), 650 So.2d 808, the defendant was convicted in 1980 but did not seek an appeal until 1992. At that time, the court reporter could not be located and therefore, no transcript of the trial was found. Again, this court stated, “Despite the 1¡¡constitutional right to complete review, a defendant is not entitled to relief where his right of review is prejudiced by his own act or omission.” Id. at 809. Again, in that case, the defendant’s attorney promptly filed for an appeal, and the defendant sought to have it dismissed. He did not attempt to seek review again until 1990.
However, in State v. Diggs, 93-0324 (La.App. 4 Cir. 6/29/95) 657 So.2d 1104, this court did grant a defendant a new trial. In that case, the portion of the transcript missing contained part of the lead detective’s direct examination, and all of any cross-examination and re-direct examination. The court stated:
The simple fact of the matter is that no one knows how “substantial” the missing portion is because no one knows what was in it. Present counsel would not know because he was not at the trial. As to objections, it is obvious from a comparison between the minute entry and the transcript which is available to us that this minute clerk did not record all objections made during the testimony of the witnesses. Consequently, we cannot conclude that no objection or even no motion for mistrial was made. To do so would constitute speculation on our part.
Id. at 1105.
In the instant case, the defendant’s appeal is timely. He was convicted on January 12, 1994. He sought a new trial and had a hearing on his motion for new trial on August 4, 1994. That motion was denied. A multiple bill hearing was not held until December 28, 1995, and a judgment on the multiple bill was not handed down until January 19, 1996, the same day he was ultimately sentenced. At that time, he was not advised of his right to appeal, nor was he advised of his right to seek post-conviction relief. However, it appears that he began filing various pleadings in an effort to perfect an appeal. In the record is a letter from the Supreme Court dated December 6, 1996, stating that the “matter” was being remanded to this court to provide relator with an out-of-time appeal. Therefore, it pdoes not appear that defendant’s own omissions caused the loss of the pertinent testimony.
Moreover, the transcript makes clear that the defendant sought to exonerate himself by showing that the police purposefully did not test the fingerprints because by doing so, it would have proved defendant was not the perpetrator. Since the missing transcript goes to the crux of defendant’s defense, it cannot be considered “inconsequential.” The missing transcript may only be a few lines of Detective Bass’s testimony; however, it could also be a substantial portion of Detective Bass’s testimony and a large portion of the next witness’s testimony. This court has no way of knowing, especially in light of the fact that there is no minute entry or docket master entry for the date of trial. Thus, assuming that the missing transcript portion is unimportant would be pure speculation. Furthermore, we cannot even examine the docket master and/or minute entry to determine if any objections were made during this missing testimony, because of the lack of either a docket master or minute entry.
We pretermit discussion of defendant’s other assignments of error.
For the foregoing reasons, defendant’s convictions and sentences are set aside and this case is remanded to the trial court for a new trial.

*628
CONVICTION AND SENTENCE SET ASIDE; REMANDED FOR NEW TRIAL.