951 So.2d 1157 (2007)
STATE of Louisiana
v.
Tron HUGHES.
No. 2004-KA-1797.
Court of Appeal of Louisiana, Fourth Circuit.
January 24, 2007.
Eddie J. Jordan, Jr., District Attorney, Zata W. Ard, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Sherry Watters, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
This case is once again before us on remand from the Louisiana Supreme Court for consideration of defendant/appellant Tron Hughes' second assignment of error. See State v. Hughes, XXXX-XXXX (La.11/29/06) 943 So.2d 1047 reversing State v. Hughes, XXXX-XXXX (La.App. 4 Cir. 3/16/05) 900 So.2d 168.
In his second assignment of error, the defendant claims that his sentence is illegally excessive. First, he argues that the court erred when it imposed the sentence without benefit of parole, probation, or suspension of sentence, noting that these prohibitions are required under the manslaughter statute only when the victim is under the age of ten years. La.Rev. Stat. 14:31(B). This contention is correct, and because the victim was not under age ten, the court erred in stating that the sentence must be served without benefits.
Next the defendant argues that the sentence of twenty years, one-half the *1158 maximum that could be imposed, is excessive. However, we are unable to review this issue because the court reporter has certified that she is unable to locate the necessary notes or audiotapes of the sentencing proceeding, and therefore the sentencing transcript is not included in the appellate record. See State v. Diggs, 93-0324 (La.App. 4 Cir. 6/29/05) 657 So.2d 1104, (unavailability of an officer's complete testimony necessitated a new trial because it could not be determined whether the missing testimony was substantial or inconsequential, or whether any objections or motions had been made during the officer's testimony); see also State v. Bright, 00-1255 (La.App. 4 Cir. 2/6/02), 809 So.2d 1112 (the trial transcript containing numerous mistakes and omissions not sufficient for review).
In this case, the minute entry of sentencing indicates that counsel orally objected to the sentence and moved for a reconsideration of sentence, and thus the issue of excessive sentence was preserved. The appellant's sentence is one-half of the maximum. The record does not indicate that he was more than a first offender. The trial court obtained a presentence investigation report and ordered it sealed for the record. However, when this Court requested the report from the Property and Evidence Room, the sealed envelope that was sent contained a copy of the jury verdict and not the presentence investigation report. Thus, without the sentencing transcript, this Court is not in a position to know what information the trial court relied upon in sentencing the defendant. Because of the lack of the transcript of the sentencing proceeding, this assignment of error cannot be considered.
Accordingly, the defendant's sentence is vacated and the matter is remanded to the district court for resentencing, reserving to the appellant the right to appeal his new sentence.
SENTENCE VACATED; REMANDED.