338 So.2d 107 (1976)
STATE of Louisiana
v.
Drex Anthony FORD.
No. 58165.
Supreme Court of Louisiana.
October 6, 1976.
*108 Mark Bienvenu, Voorhies & Labbe, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Byron P. Legendre, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Drex Anthony Ford was charged, tried, and convicted and appropriately sentenced for committing second degree murder of William Cummings, Jr. From his conviction and sentence, defendant appeals, relying on two assignments of error. Because we find merit in the first of these assignments, we pretermit consideration of the other.
The facts from which this error arose occurred in the following manner. Defendant's trial was held on September 17 and 18, 1974. For reasons which are unexplained,[1] the court reporter did not record the entire trial through mechanical or other means.[2] Although a record was made of the testimony of some of the witnesses, no record was made of the examination of four state witnesses,[3] the voir dire examination of the prospective jurors and the impaneling of those chosen, or of the opening statement made by the prosecutor. Consequently, defense counsel, who did not serve as trial counsel but was appointed by the court to represent defendant Ford on appeal, had no independent knowledge of trial events except as revealed by the incomplete record. He was unable to review the entire record so as to perfect assignments for any errors which may have occurred during the unrecorded portion of the trial. Defendant Ford now argues to this Court that the failure of the court reporter to comply with Article 843 of the Code of Criminal Procedure entitles him to a reversal of his conviction and an order for a new trial.
At the time defendant Ford was tried,[4] Article 843 of the Code of Criminal Procedure provided that in felony cases all of the proceedings must be recorded:
"On motion of the court, the state, or the defendant in misdemeanor cases in the district court in which the possible sentence may give the defendant the right to appeal, and in felony cases, the clerk or court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel." Amended by Acts 1974, No. 207, § 1. (emphasis added)
The official revision comment to article 843 reasserted the rule that all proceedings must be recorded in felony cases, and explained that article 843 provided for this recordation so that the record would "be available to be transcribed if designated to support an assignment of error." As is clear from the official comment to the article as formerly written, the recordation requirement makes it possible for the party alleging the error to accurately present it for review. When no record at all is available of a portion of the trial, a defendant *109 cannot perfect assignments of error which may have occurred during the unrecorded portion of the trial so that the court can review any such errors and insure that the trial was properly conducted. C.Cr.P. art. 920.
The state argues that the failure of the court reporter to provide a complete record of the proceedings should not require an automatic reversal of defendant's conviction, but that he must allege "factual prejudice" before a reversal is required. In order to determine the merits of the state's contention, we find instructive the federal jurisprudence construing a federal provision very similar to the Louisiana statute at issue here. The federal statute provides that a court reporter "shall record verbatim. . . all proceedings in criminal cases had in open court." 28 U.S.C. § 753(b). In cases where no transcript was made of a portion of the trial, the federal courts have consistently applied the provision strictly ruling that the requirement is mandatory and that a new trial was required. Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); Herron v. United States, 512 F.2d 439 (4th Cir. 1975); Fowler v. United States, 310 F.2d 66 (5th Cir. 1962). The United States Fourth Circuit Court of Appeals has explained that the statutory provisions "are designed to preserve a correct and authentic record of criminal proceedings free from the infirmities of human error and they provide a safeguard to which not only the court but also the defendant is entitled in the preservation of his rights." United States v. Taylor, 303 F.2d 165, 169 (4th Cir. 1962).
The United States Fifth Circuit Court of Appeals has been especially vigilant in requiring a reversal, even if no particular prejudice has been alleged, when defendant's counsel on appeal is a different person from trial counsel and a portion of the transcript is unavailable. United States v. Upshaw, 448 F.2d 1218 (5th Cir. 1971), cert, denied, 405 U.S. 934, 92 S.Ct. 970, 30 L.Ed.2d 810 (1972); United States v. Garcia-Bonifascio, 443 F.2d 914 (5th Cir. 1971); United States v. Atilus, 425 F.2d 816 (5th Cir. 1970). In United States v. Atilus, supra, the Fifth Circuit reversed a conviction where counsel on appeal was not counsel at trial, and no trial transcript was available, stating:
"[t]hrough no fault of the defendant a transcript of the trial proceedings is no longer available. Under these circumstances this court has no choice but to reverse the conviction. The Supreme Court has made it clear beyond question that a criminal defendant has a right to a complete transcript of the trial proceedings, particularly where, as here, counsel on appeal was not counsel at the trial. Hardy v. United States, 1963, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331." 425 F.2d at 816.
Our Court has at least twice reversed convictions because of infirmities in the record available to the Court for review. In State v. Bizette, 334 So.2d 392 (La.1976), we remanded a case for new trial when the recording equipment used at the trial malfunctioned, and we were unable to adequately review the trial court's denial of defendant's motion for acquittal.[5] Likewise, in the case of State v. Rooney, 187 La. 256, 257, 174 So. 348 (1937), where both parties entered a joint motion to have the verdict annulled and the case remanded, we reversed defendant's conviction because of an incomplete record, stating:
"the transcript of the testimony taken in relation to the bills of exception reserved by the defendant is so defective and in such condition that it is impossible to present the case intelligently on appeal. Hence it appears to be in the interest of justice that the verdict and sentence should be set aside and the case remanded for a new trial."
In Louisiana, as in the federal courts, an appeal from a felony conviction is an absolute right. La.Const. art. VII, § 10 *110 (1921); La.Const. art. V, § 5(D)(2) (1974); Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Without a complete record from which a transcript for appeal may be prepared, a defendant's right of appellate review is rendered meaningless. A slight inaccuracy in a record or an inconsequential omission from it which is immaterial to a proper determination of the appeal would not cause us to reverse defendant's conviction. But where a defendant's attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he may properly perform his duty as appellate counsel, the interests of justice require that a defendant be afforded a new, fully-recorded trial.
For the reasons assigned, the conviction and sentence of defendant Ford is reversed and remanded for retrial.
SANDERS, C. J., dissents with written reasons.
SUMMERS, J., dissents for the reasons assigned by the Chief Justice.
SANDERS, Chief Justice (dissenting).
The Court Reporter failed to record a portion of the proceeding at defendant's trial. Holding that Article 843 of the Louisiana Code of Criminal Procedure makes recordation mandatory, the majority reverses the conviction and orders a new trial. I disagree.
In his Per Curiam, the trial judge states:
"The statement of facts set forth by Counsel in the assignment of errors is correct. It was not known to me, however, that Counsel did not know of the absence of the court reporter as stated."
It is well established that a defendant may waive a statutory right such as that set forth in Article 843. See State v. Porter, 176 La. 673,146 So. 465 (1933); State v. Scruggs, 165 La. 842, 116 So. 206 (1928); State v. Mischiro, 165 La. 705, 115 So. 909 (1928).
The appropriate action, in my opinion, would be to order the trial court to conduct an evidentiary hearing to ascertain if trial counsel waived the statutory right contained in LSA-C.Cr.P. 843. If no waiver occurred, the trial judge should also determine at the evidentiary hearing whether or not the failure of recordation prejudiced the appellate review of any defense objections. See, e.g., State v. Bias, La., 337 So.2d 426 (1976); State v. Simmons, La., 328 So.2d 149 (1976). I would not disturb the conviction at this time.
For the reasons assigned, I respectfully dissent.
NOTES
[1] The trial judge's per curiam indicated that no record was made because the court reporter was absent during the trial, but the state's attorney in oral argument could offer no explanation of why the proceedings were not preserved.
[2] By special statute, court reporters in the fifteenth judicial district can employ any of these methods to record the proceeding: "shorthand, stenograph, voice recording with equipment approved by the presiding judges, or in any recognized manner approved by the presiding judges." La.R.S., 13:968.
[3] Specifically, those witnesses were Dr. Henry Voorhies, State Trooper Danny Warner, Lieutenant Mike Norce and Michael Brooks.
[4] By Acts 1975, No. 118, § 1, the legislature amended Article 843, but the current provision likewise requires all proceedings in felony cases to be recorded.
[5] In Bizette, we were especially concerned with the provision of the 1974 Constitution which requires a defendant's intelligent waiver of his right of judicial review based upon a complete record of all evidence upon which the judgment is based. La.Const. art. 1, § 19 (1974).