351 So.2d 1194 (1977)
STATE of Louisiana
v.
Freddie Lee JONES.
No. 59850.
Supreme Court of Louisiana.
November 14, 1977.
*1195 Raymond L. Cannon, Asst. Indigent Defender, Parish of Madison, Tallulah, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John T. Seale, Dist. Atty., Thomas W. Bishop, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant Freddie Lee Jones was charged by bill of information with armed robbery in violation of Louisiana R.S. 14:64. After a jury trial on February 2, 1977, defendant was found guilty as charged. The trial court subsequently denied the defendant's motion for a new trial and on March 18, 1977, defendant was sentenced to forty years at hard labor without benefit of parole, probation, or suspension of sentence.
On appeal, defendant asserts six assignments of error, two of which present reversible error.

ASSIGNMENTS OF ERROR NOS. 1 and 6
Prior to the commencement of trial, on January 13, 1977, the trial court held a hearing on the defendant's motion for a change of venue. Utilizing the procedure employed by the district court in State v. Bell, 315 So.2d 307 (La.1975), defense counsel conducted a "dry run voir dire" for the purpose of demonstrating prejudice in the community to such an extent that the accused would not be able to obtain a fair and impartial trial in the parish where the prosecution was pending. Defendant's counsel filed into the record copies of the Madison Parish Journal and the Monroe Morning World containing accounts of the armed robbery. The Madison Parish newspaper included a front-page photograph which depicted defendant in handcuffs, flanked by two sheriff's deputies.
At the "dry run voir dire," the trial judge initially limited defense counsel's interrogation of the witnesses to the question of whether the prospective jurors believed that they would be able to give the defendant a fair trial. Defense counsel objected, noting that our decision in Bell allowed a wider range of questioning to determine whether community sentiment had become so prejudiced against the defendant that he would be unable to obtain a fair trial. At that point, defense counsel supplied the court with the citation to Bell and read at some length from the opinion.
While the trial judge may have altered her ruling to allow a wider range of questioning after her reading of Bell, it is impossible to ascertain this fact from the record before us. Of the five witnesses called by defense counsel at the hearing on the motion for change of venue, the testimony of only one is reproduced completely in the record. The testimony of the second witness is reproduced only in part, and the testimony of the last three witnesses is entirely missing due to a malfunction in the recording equipment used by the trial court.
Article 843 of the Louisiana Code of Criminal Procedure provides:
"In felony cases, and on motion of the court, the state, or the defendant in misdemeanor cases tried in a district, parish, or city court, the clerk or court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel."
The official revision comments to the article indicate that the legislative intent was to effectuate the constitutional guarantee of an appeal in felony cases based upon a review of the full record in the proceedings. Article I, § 19 of the Louisiana Constitution of 1974 provides:
"No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law."
In State v. Ford, 338 So.2d 107 (La.1976), this Court considered the proper remedy to *1196 be applied in a case in which the appellate record is incomplete through no fault of defendant or his counsel. In that case, the court reporter failed to record the testimony of four state witnesses, the voir dire examination of prospective jurors, and the opening statement of the prosecution. This Court reversed the defendant's conviction, stating:
"Our Court has at least twice reversed convictions because of infirmities in the record available to the Court for review. In State v. Bizette, 334 So.2d 392 (La. 1976), we remanded a case for new trial when the recording equipment used at the trial malfunctioned, and we were unable to adequately review the trial court's denial of defendant's motion for acquittal. Likewise, in the case of State v. Rooney, 187 La. 256, 257, 174 So. 348 (1937), where both parties entered a joint motion to have the verdict annulled and the case remanded, we reversed defendant's conviction because of an incomplete record, stating:
`the transcript of the testimony taken in relation to the bills of exception reserved by the defendant is so defective and in such condition that it is impossible to present the case intelligently on appeal. Hence it appears to be in the interest of justice that the verdict and sentence should be set aside and the case remanded for a new trial.'
"In Louisiana, as in the federal courts, an appeal from a felony conviction is an absolute right. La.Const. art. VII, § 10 (1921); La.Const. art. V, § 5(D)(2) (1974); Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Without a complete record from which a transcript for appeal may be prepared, a defendant's right of appellate review is rendered meaningless. A slight inaccuracy in a record or an inconsequential omission from it which is immaterial to a proper determination of the appeal would not cause us to reverse defendant's conviction. But where a defendant's attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he may properly perform his duty as appellate counsel, the interests of justice require that a defendant be afforded a new, fully-recorded trial." (Footnote omitted). 338 So.2d at 109-110.
We do not believe that the missing portion of the hearing on the motion for change of venue may be properly described as an "inconsequential omission." The motion for change of venue was strenuously urged by the defendant who argued that a fair trial could not be held in the aftermath of recent and substantial pretrial publicity in a small community. It is impossible for us to ascertain from the record before us whether the trial judge allowed a proper range of examination to determine the existence of any community prejudice or whether the evidence supports defendant's contention that the motion for a change of venue was improperly denied.
The situation before us is somewhat analogous to the problem which confronted this Court in State v. Bell, supra. There, we reversed the defendants' convictions because the trial court refused to allow sufficient inquiry by defense counsel into the question of community prejudice. In that case, it was impossible for this Court to determine the merits of the defendants' motion for change of venue because of the very limited inquiry allowed at the hearing on the motion. In the instant case a substantial omission from the record caused by a malfunction of the trial court's recording equipment makes it impossible for us to review the pertinent evidence to determine whether a change of venue should have been granted. Moreover, the judgment and sentence cannot stand because they subject the defendant to imprisonment without the right to judicial review based upon a complete record of all evidence upon which the judgment is based. La.Const. of 1974, art. I, § 19.
Accordingly, defendant's conviction and sentence are reversed and the case is remanded to the district court for a new trial.
SUMMERS, J., concurs in result.