367 So.2d 356 (1979)
STATE of Louisiana
v.
Paul GOODBIER, Jr.
No. 62904.
Supreme Court of Louisiana.
January 29, 1979.
Chester R. Cedars, Gauthier & Cedars, Ltd., Breaux Bridge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., J. Phil Haney, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.[*]
On February 15, 1977, Paul Goodbier was charged by bill of information with the attempted aggravated rape of a female, a violation of La.R.S. 14:42. After a number of delays, resulting primarily from disagreements between defendant and the various retained and appointed attorneys who worked on the case for him, the defendant was tried by a twelve-person jury on January 9-11, 1978. On March 6, 1978, the trial judge sentenced the defendant to serve eighteen years at hard labor in the custody of the Department of Corrections.
Shortly after sentencing, on March 10, 1978, the defendant filed a motion for appeal and a motion to act as his own attorney in the appellate proceedings. The trial judge granted both of these motions but appointed an attorney to assist and advise the defendant in the exercise of his appellate rights.[1] Appointed counsel prepared three assignments of error, and defendant himself prepared seventeen assignments of error for review by this Court. We find *357 that only the first assignment of error raises a substantial question.
In his first assignment of error defendant argues that he is entitled to a new trial on the ground that material portions of the trial court proceedings were not recorded. The state concedes that none of the voir dire examination of prospective jurors in this case was recorded.
No person may be imprisoned in this state without the right of judicial review based on a complete record of all evidence upon which the judgment is based. La. Const, art. 1, § 19. See also, La.C.Cr.P. art. 843. This Court has on several occasions found reversible error where material portions of the trial court record were unavailable or incomplete. State v. Parker, 361 So.2d 226 (La.1978); State v. Jones, 351 So.2d 1194 (La.1977); State v. Ford, 338 So.2d 107 (La.1976); State v. Bizette, 334 So.2d 392 (La.1976); State v. Rooney, 187 La. 256, 174 So. 348 (1937). See also, Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).
However, affidavits of record by the court reporter and the defendant's trial counsel state that no objections were made by the defense during the voir dire. Absent a contemporaneous objection this Court can review only errors discoverable by a mere inspection of the pleadings and proceedings. La.C.Cr.P. art. 920; State v. Mack, 243 La. 369,144 So.2d 363 (1962). The only error of this nature which could arise during voir dire is the absence of the defendant, and a minute entry in the record of this case specifically provides that the defendant was present during this portion of the trial.
Moreover, the minutes kept during the trial, as as well as the affidavits, reveal that the defendant's peremptory challenges were not exhausted. Therefore, the defendant could not complain of a refusal by the trial court to sustain a challenge for cause even if such a ruling had been made. La.C.Cr.P. art. 800.
For purposes of this review we have accepted as true the sworn affidavits of the court reporter and defendant's trial counsel which were filed into the record of this case. Finding on the basis of these documents that no error was preserved for our review which necessitates an inspection of the voir dire proceedings, we conclude that the failure to record that portion of the trial, for whatever reason, constituted only harmless error. See, State v. Kemp, 359 So.2d 978 (La.1978); State v. Francis, 345 So.2d 1120 (La.1977). Defendant may, of course, by application for writ of habeas corpus, challenge the veracity of the affidavits.
The remaining assignments of error present insubstantial questions which are settled under prior jurisprudence of this Court.
The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Chief Judge L. Julian Samuel participated in this decision as Associate Justice Ad Hoc sitting in the place of Chief Justice Sanders, retired.
[1] Counsel appointed for appeal was not the same counsel who represented the defendant at trial.