PER CURIAM.
The defendant was convicted of two counts of armed robbery, La.R.S. 14:64, and sentenced to serve 15 years imprisonment at hard labor. On appeal, defendant relies on five assignments of error. We have reviewed these assignments of error and find no reversible error based on the record preserved for our review.
We note that the defendant has raised a serious argument that he was improperly foreclosed from laying a foundation for the impeachment of a key prosecution witness because of admonitions given by the trial judge during an off the record bench conference. An irregularity or error cannot be availed of on appeal after verdict unless the grounds therefor appear of record and unless an objection was raised at the time of the occurrence. La.C.Cr.P. art. 841. Because the improper remarks allegedly made by the trial judge do not appear of record, and because no contempo *1221 raneous objection was raised by the defendant, we are unable to review defendant’s contention on appeal. However, if the defendant’s right to a fair trial was seriously impaired by off the record remarks of the trial judge, then this issue may be raised in an application for writ of habeas corpus. La.C.Cr.P. art. 362. See, State v. Goodbier, 367 So.2d 356 (La.1979).
AFFIRMED.
TATE, J., dissents and assigns reasons.
CALOGERO and DIXON, JJ., dissent.