807 So.2d 1071 (2002)
STATE of Louisiana
v.
Eddie L. JOHNSON.
No. 2001-KA-1909.
Court of Appeal of Louisiana, Fourth Circuit.
January 23, 2002.
Harry F. Connick, District Attorney, Anne M. Dickerson, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
Karen G. Arena, Louisiana Appellate Project, River Ridge, LA, Counsel for Defendant/Appellant.
Court composed of Judge STEVEN R. PLOTKIN, Judge MICHAEL E. KIRBY, Judge DAVID S. GORBATY.
MICHAEL E. KIRBY, Judge.
On May 9, 2000, Eddie L. Johnson was charged by bill of information with possession of cocaine with intent to distribute in violation of La. R.S. 40:967(A), and with possession of marijuana with intent to distribute in violation of La. R.S. 40:966(A).[1] He pleaded not guilty at his arraignment on May 12th. Probable cause to bind the defendant over for trial was found after a hearing on May 26th. After being advised *1072 of his right to a jury trial, Johnson elected a bench trial, and on June 29th he was found to be guilty of the lesser-included offenses of possession of cocaine and marijuana. The state filed a multiple bill charging Johnson as a third felony offender, and after a hearing on September 8th, he was sentenced on September 22nd to life imprisonment under La. R.S. 15:529.1(A)(1)(b)(ii) on the possession of cocaine conviction.[2]
There are no facts in the record.
In his first assignment of error, Johnson complains that he has been denied the right of appellate review because the transcript of trial testimony is not part of the record in this case. Moreover, a certification in the record informs this Court that Stacie E. Davis, who now serves as court reporter for Section "C," has made a diligent search for the taped proceedings but has been unable to find them. It is thus established that the transcript cannot be reproduced.
Article 843 of the Code of Criminal Procedure requires that all trial proceedings be recorded. Furthermore, the Louisiana Constitution ensures the right of judicial review based on a complete record of the evidence:
No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.
La. Const. Art. I, § 19. Where appellate counsel was not counsel at trial and the court reporter cannot provide a transcript of the testimony at trial, as in this case, the "right of appellate review is rendered meaningless ... and the interests of justice require that a defendant be afforded a new, fully-recorded trial." State v. Ford, 338 So.2d 107, 110 (La.1976). This assignment has merit.
The defendant next argues that because the multiple bill is not in the record, his sentence as a multiple offender must be reversed. However, the multiple bill is in the record. Nevertheless, because of the outcome of the first assignment, this issue is moot.
For the foregoing reasons, the defendant's convictions and sentences are vacated and the matter is remanded for a new trial.
VACATED AND REMANDED.
NOTES
[1] David L. Green, a co-defendant, was charged with distribution of marijuana and pleaded guilty.
[2] Johnson was sentenced earlier on the simple possession of marijuana conviction to serve six months in parish prison with credit for time served.