817 So.2d 1164 (2002)
STATE of Louisiana
v.
Michael J. HARRIS.
No. 2001-KA-1910.
Court of Appeal of Louisiana, Fourth Circuit.
April 24, 2002.
*1165 Harry F. Connick, District Attorney of Orleans Parish, Julie C. Tizzard, Assistant District Attorney of Orleans Parish, New Orleans, LA, for Plaintiff/Appellee.
Laura Pavy, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY).
Judge PATRICIA RIVET MURRAY.
Michael J. Harris was charged by bill of information filed on April 18, 2000, with theft of an auto worth more than $500 in violation of La. R.S. 14:67(A). He was arraigned on April 25th and pleaded not guilty. At trial on May 8th, a six-person jury found him guilty of unauthorized use of a movable having a value of $500 or more. The state filed a multiple bill charging Harris as a second offender, and after a hearing on May 12th, he was sentenced to serve thirty-three months at hard labor under La. R.S. 15:529.1. He was granted an out-of-time appeal on October 5, 2000.
Before addressing the assignment of error, we note three errors patent. The verdict in is this case does not appear to be responsive to the charge.[1] The defendant was charged with theft of an item worth $500 or more, and he was found guilty of unauthorized use of a movable worth $500 or more. That verdict is not listed under La.C.Cr.P art. 814(A)(26) as responsive to the charge. Verdicts responsive to the charge of theft having to do with "unauthorized use" are "guilty of unauthorized use of movables having a value in excess of one thousand dollars but only if the value in excess of one thousand dollars is stated in the indictment" and guilty of unauthorized use of movables having a value of one thousand dollars or less."
A second error concerns the sentencing of the defendant immediately after the denial of his motion for post verdict judgment of acquittal. Under La.C.Cr.P. art. 873, if such a motion is overruled, a sentence cannot be imposed until at least twenty-four hours have elapsed. In this case, there is no evidence that the defendant waived the twenty-four hour delay.
A third error is found in the defendant's sentence of thirty-three months. Under La. R.S. 14:68(B) the crime of unauthorized use of a movable having a value of one thousand dollars or less shall be a fine of not more than five hundred dollars or imprisonment for not more than six months or both. However, if the verdict was unauthorized use of a movable having a value of more than one thousand dollars, a fine of not more than five thousand *1166 dollars or imprisonment with or without hard labor for not more than five years or both is mandated. Under La. R.S. 15:529.1(A)(1)(a), a second offender must receive a term not less than one-half the longest possible term and not more than twice the longest possible term. Thus, it appears that Harris was sentenced to unauthorized use of a movable having a value of more than one thousand dollars. However, under La.C.Cr.P. art. 814(A)(26), that verdict is available only if the value in excess of one thousand dollars is stated in the indictment. In the bill of information in this case, the defendant is charged with committing theft of a 1999 Toyota-4 Runner "valued at FIVE HUNDRED DOLLARS OR MORE."
Because this case must be remanded for a new trial because of additional error, we need not address corrections of the errors patent.
In a single assignment of error, Harris complains that he is denied the right of appellate review because the transcript of trial testimony is not part of the record in this case. Moreover, a certification in the record informs this Court that Shawn O. Hartman, who now serves as court reporter for Section "C," has made a diligent search for the taped proceedings but has been unable to find them. The former court reporter from Section "C," Glenda Hamlin, has been contacted but to no avail. It is thus established that the transcript cannot be reproduced.
Article 843 of the Code of Criminal Procedure requires that all trial proceedings be recorded. Furthermore, the Louisiana Constitution ensures the right of judicial review based on a complete record of the evidence:
No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.
La. Const. Art. I, § 19. Where appellate counsel was not counsel at trial and the court reporter cannot provide a transcript of the testimony at trial, as in this case, the "right of appellate review is rendered meaningless ... and the interests of justice require that a defendant be afforded a new, fully-recorded trial." State v. Ford, 338 So.2d 107, 110 (La.1976).
For the foregoing reasons, the defendant's conviction and sentence are vacated and the matter is remanded for a new trial.
CONVICTION AND SENTENCE VACATED; REMANDED.
NOTES
[1] The verdict is found only in the minute entry from the trial and in the docket master because the trial transcript is missing.