904 So.2d 778 (2005)
STATE of Louisiana
v.
William C. SUBLET.
No. 2005-KA-0123.
Court of Appeal of Louisiana, Fourth Circuit.
May 18, 2005.
Eddie J. Jordan, Jr., District Attorney, Yolanda J. King, Assistant District Attorney, New Orleans, Counsel for Plaintiff/Appellee.
William R. Campbell, Jr., Louisiana Appellate Project, New Orleans, Counsel for Defendant/Appellant.
Court Composed of Judge TERRI F. LOVE, Judge MAX N. TOBIAS Jr., and Judge LEON A. CANNIZZARO, Jr.
*779 TOBIAS, J.
On 25 February 1993, the appellant, William C. Sublet, was charged with one count each of simple escape and possession of stolen property valued at over $500. At his arraignment on 2 March 1993 he pled not guilty to both counts. On 5 May 1993 a six-person jury found him guilty as charged on the escape count. The state subsequently filed a multiple bill against the defendant, and on 31 March 1994 the court found him to be fourth offender. The matter was reset for sentencing, and on 16 February 1995 the court sentenced the appellant to serve twenty years at hard labor as a fourth offender on the escape count. On that same date the court denied his motion to reconsider sentence but granted his motion for appeal. On 26 September 1995, he withdrew his not guilty plea and pled guilty as charged to the possession of stolen property count. The court sentenced him on that count to serve ten years at hard labor, to run concurrently with the escape sentence.
The record before this court contains a pro se "Motion for Reinstatement of Appeal" sent by the appellant to the trial court in February 1999 wherein he noted that the court had granted his appeal in 1995 but no action had been taken on the appeal. He alleged he was under the impression counsel had been appointed and the appeal lodged, but he learned that neither had taken place. Apparently even though this motion was received by the trial court and placed in the record, it was never formally filed, and the trial court never ruled on the motion. The record also contains a 2001 pro se motion for the production of documents, wherein he sought copies of various documents and transcripts because he wanted "to appeal his sentence." The trial court denied this motion on March 12, 2002. In 2003 he filed another motion for appeal and designation of the record, designating only the sentencing hearing. When the trial court failed to rule on this motion, he filed a writ of mandamus in this court. This court noted that the 2003 motion for appeal was untimely, but this court acknowledged that *780 the trial court granted him an appeal in 1995 and ordered that the appeal granted in 1995 be lodged in this court. State v. Sublet, XXXX-XXXX, unpub. (La.App. 4 Cir. 5/18/04). The record was finally lodged in this court on 26 January 2005.
There is no recitation of facts because the trial court has certified that the trial and sentencing transcripts are unavailable.

DISCUSSION

A. Errors Patent
A review of the record reveals no patent errors.

B. Assignment of Error
By his sole assignment of error, the appellant contends that his escape conviction must be reversed and his sentence must be vacated because his right to a meaningful appeal has been violated due to the unavailability of the trial and sentencing transcripts.
La. Const. art. I, § 19 provides in pertinent part: "No person shall be subjected to imprisonment ... without the right of review based upon a complete record of all evidence upon which the judgment is based." See also, La.C.Cr.P. art. 843, which requires that all trial proceedings be recorded. Louisiana jurisprudence has consistently held that where appellate counsel was not trial counsel and no transcript of the testimony of trial is available, a defendant's right to "appellate review is rendered meaningless ... and the interests of justice require that a defendant be afforded a new, fully-recorded trial." State v. Ford, 338 So.2d 107, 110 (La.1976). See also, State v. Harris, 01-1910 (La.App. 4 Cir. 4/24/02), 817 So.2d 1164; State v. Johnson, 01-1909 (La.App. 4 Cir. 1/23/02), 807 So.2d 1071.
In cases where a trial transcript is unavailable due to no fault of a defendant, courts have consistently held that the defendant is entitled to a new trial. In both Harris and Johnson, the defendants moved for an appeal soon after sentencing, but due to problems with personnel in the district court the transcripts of trial were unavailable by the time the records were lodged in this court. In both cases the defendants' convictions and sentences were vacated and the defendants were granted new trials. Likewise, in State v. Clark, 00-0348 (La.App. 4 Cir. 12/13/00), 776 So.2d 1249, the defendant moved for an appeal right after sentencing. By the time the appeal record was lodged in this court, the notes for the first day of trial were missing, and the testimony of various witnesses was unavailable. This court reversed the defendant's conviction and sentence, noting his right to a meaningful appeal had been violated.
By contrast, in cases where the unavailability of the trial transcript is due to inaction on the defendant's part, this and other courts have affirmed the defendants' convictions. In State v. Gonzales, 95-0860 (La.App. 4 Cir. 9/18/96), 680 So.2d 1253, shortly after the defendant was sentenced and granted an appeal in 1983, she escaped custody and remained at large for ten years. On her capture, she learned that her appeal had not been lodged. By that time, the notes for the trial were lost and the transcript was unavailable. This court affirmed her conviction and sentence, noting that the loss of the transcript was attributable to her voluntary absence and her failure to take steps to insure that her appeal was lodged in this court.
Likewise, in State v. Clark, 93-0321 (La. App. 4 Cir. 10/27/94), 644 So.2d 1130, this court upheld the defendant's conviction and sentence even though his trial transcript was unavailable. The trial court granted the defendant an appeal at sentencing in 1982. A week later, however, *781 the defendant sent a letter to the court withdrawing his appeal and noting that he might file another motion for appeal in the future. The defendant filed many applications for post-conviction relief in the 1980s, and in 1990 he moved for an out of time appeal. The trial court denied the motion, but the Supreme Court remanded the motion for the trial court to determine whether the defendant had waived his right of appeal. On remand, the trial court merely granted the appeal. By the time the record was lodged in this court, the trial transcript was unavailable. This court attributed the unavailability of the transcript to the defendant and affirmed his conviction and sentence. See also, State v. Bernard, 583 So.2d 111 (La.App. 5 Cir.1991), where the court upheld the defendant's conviction and sentence even though the trial transcript was unavailable because the defendant waited seven years to move for an appeal.[1]
Here, the appellant's case falls somewhere between the extremes noted above. Unlike Bernard, the defendant immediately moved for and was granted an appeal after sentencing in 1995. There is no indication, however, that he took any steps to have his appeal lodged until 1999, when he mailed to the trial court his "motion for reinstatement" of his appeal. Although it does not appear this motion or his 2001 motion for production of documents were formally filed into the record, copies of them were placed in the record, and the appellant did all he could at that point to raise the issue of his lack of appeal. The court did not rule on the 1999 motion, and it was not until his 2001 filing that the court responded to any of his pleadings. The appellant, however, did not seek review of that ruling. It appears he filed the second motion for appeal in 2003 because his efforts in 1999 and 2001 to have his appeal lodged were unsuccessful in the trial court.
Because this court did not receive notice of the 1995 appeal, it took no steps to have the record lodged at that time. Indeed, it appears the first notice this court had of the appeal was in 2004 when the defendant sought to have the trial court rule on his second motion for appeal. Thus, even though almost ten years from his sentence, it appears that for only the first four of those years did the appellant take no action to see that his appeal was lodged in this court. By the same token, he did not seek review of the 2002 denial of his motion for documents, which would have informed this court of the pending appeal two years earlier than it did learn of it. It is not clear, however, that those two years would have made a difference, given the facts that the court reporter for trial has been unavailable for many years and that *782 the trial occurred almost two years before the appellant was sentenced as a multiple offender.
Given the change in staffing in Section "G" of Criminal District Court soon after his appeal was granted and the change in personnel that ensued, we find that the appellant's inaction for the first four years following his sentencing was not unreasonable. The appellant timely moved for an appeal, and less than four years after this appeal was granted he took steps to have his appeal lodged. We find that the unavailability of the trial and sentencing transcripts is not primarily due to the appellant's inaction. Accordingly, we vacate the appellant's conviction and sentence on the escape count only and remand the case for further proceedings.
CONVICTION AND SENTENCE VACATED; REMANDED.
NOTES
[1] We distinguish this case from State v. Ford, 92-2029 (La.App. 4 Cir. 1/31/95), 650 So.2d 808, where the trial court granted the defendant's appeal in 1980, but the appeal record was never lodged in the Supreme Court. Although the defendant learned of this fact in 1984, he did not file any motion to have the appeal lodged until 1991, at which time the trial court "reinstated" his appeal. By that time, the trial transcript was unavailable. This court affirmed his conviction, noting that he waited eleven years after his appeal was granted and seven years after learning that the appeal had not been lodged before taking any steps to have the appeal lodged.

In the case at bar, the defendant within a reasonable time sought information about his pending appeal. The loss of the transcript was not due to the defendant's delay in inquiring of the status of his appeal, but rather the confusion occurring during the change of court personnel in Section "G" of the trial court. We take into consideration that an incarcerated defendant does not have ready and easy access to court records and the transcript as the lawyers, clerks of court, court reporters, and judge do.