MICHAEL E. KIRBY, Judge.
|, The appellant, David Buckley, appeals his convictions for one count of unauthorized entry of an inhabited dwelling and one count of simple burglary. Because the *882 transcript of his trial is unavailable, we vacate his convictions and sentences, and we remand the case for further proceedings.
On January 31, 2005, the State filed a bill of information which charged the appellant with one count of violating La. R.S. 14:62.3, unauthorized entry of an inhabited dwelling, and one count of violating La. R.S. 14:62, simple burglary. The appellant entered not guilty pleas at his arraignment on February 10, 2005. On August 10, 2005, a six-person jury found him guilty as charged on both counts. The appellant through counsel made an oral motion for appeal to be supplemented in writing. The court set the matter for sentencing and a multiple bill hearing on August 26, 2005. On August 12, 2005, the State filed a multiple bill of information which charged the appellant to be a fourth offender. According to the minute entry of the same date, the appellant filed the written motion for an appeal which the court granted, making the appeal returnable on October 28, 2005. There is no minute entry for August 26, 2005; the next minute entry is dated January 5, 2006 and reflects that the court set the matter for a status hearing on January 27, 2006. Subsequent minute entries reflect only that the hearing on the multiple bill 1 ¿was reset; as of the date this record was lodged no hearing had been held. The only reference to the sentences imposed is in the January 27, 2006 commitment form executed by the trial court. The commitment form shows that the court imposed a sentence of twelve years on count one,[1] to run consecutively with count two, and a sentence of six years on count two, to run consecutively with count one. The court further ordered that these sentences run concurrently with any other sentences already imposed on the appellant.
Due to the intervention of Hurricane Katrina, the appeal record was not lodged in this Court until May 18, 2006. Included with the record is a certificate from the court reporter stating that she was unable to prepare the transcript of the trial because her tapes which she could salvage from the flooding in her home caused by the hurricane do not include the trial in this matter. Because there is no trial transcript, the facts of the offenses are not known.
By his sole assignment of error, the appellant contends that his convictions and sentences must be vacated because his right to an effective appeal has been violated due to the unavailability of the trial transcript.
As per La. Const. Art. I, § 19: “No person shall be subjected to imprisonment ... without the right of review based upon a complete record of all evidence upon which the judgment is based.” In addition, La.C.Cr.P. art. 843 provides in pertinent part that all trial proceedings be recorded. Where appellate counsel is different than trial counsel, no transcript of trial is available, and the unavailability of the transcript is not due to any fault of the defendant, Louisiana Lcourts have consistently held that the defendant’s right to “appellate review is rendered meaningless ... and the interests of justice require that a defendant be afforded a new, fully-recorded trial.” State v. Ford, 338 So.2d 107, 110 (La.1976). See also State v. Sublet, 2005-0123 (La.App. 4 Cir. 5/18/05), 904 So.2d 778; State v. Harris, *883 2001-1910 (La.App. 4 Cir. 4/24/02), 817 So.2d 1164.
Here, as in Sublet and Harris, the unavailability of the trial transcript is not due to any action by the appellant. He orally moved for an appeal on the date of his conviction, which was less than a month before Hurricane Katrina struck, and the court reporter has certified that she cannot provide the transcript. Because the transcript was lost due to no action or inaction by the appellant, his right to a meaningful review of his convictions and sentences was violated.
For the reasons stated above, the appellant’s convictions and sentences on both counts are vacated, and this matter is remanded to the trial court for further proceedings.
CONVICTIONS AND SENTENCES ON BOTH COUNTS VACATED; REMANDED

. La. R.S. 14:62.3 carries a maximum sentence of six years. If the appellant had not been adjudicated a multiple offender at the time the court imposed this sentence, it appears illegally excessive. However, any error is moot in light of the fact that the appellants convictions and sentences must be vacated.