967 So.2d 538 (2007)
STATE of Louisiana
v.
Karone JOHNSON.
No. 2007-KA-0851.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 2007.
Eddie J. Jordan, Jr., District Attorney, Alyson Graugnard, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Laura Pavy, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE).
TERRI F. LOVE, Judge.
Defendant, Karone Johnson, was granted an out-of time appeal on the grounds that he has been deprived of his right to a meaningful appeal of his conviction and sentence due to the unavailability of any transcripts in this case. We vacate the defendant's conviction and sentence and remand the case for further proceedings.

LAW AND DISCUSSION
The defendant, Karone Johnson, was charged with one count of simple possession of crack cocaine. At his arraignment, he pled not guilty. The court heard and granted his motion to suppress the statement but denied his motion to suppress the evidence. On February 14, 2005, a six-person jury found him guilty as charged. The State filed a multiple bill, to which the defendant pled guilty on March 31, 2005. On that date, the court sentenced him as a third offender to serve forty months at hard labor. Johnson subsequently filed documents with this court in which he maintained that his counsel did not file an appeal for him. This court transferred these documents to the trial court, and on October 19, 2006, that court granted Johnson an out-of-time appeal. The court reporter for the trial court later certified that the transcripts of the motion hearing, trial, and multiple bill/sentencing were lost during Hurricane Katrina.
In his sole assignment of error, Johnson contends that his conviction and sentence must be vacated because all of these transcripts are unavailable. The State concedes this argument, and we agree.
*539 As this court noted in State v. Sublet, 05-0123, p. 3 (La.App. 4 Cir. 5/18/05), 904 So.2d 778, 780:
La. Const. art. I, § 19 provides in pertinent part: "No person shall be subjected to imprisonment . . . without the right of review based upon a complete record of all evidence upon which the judgment is based." See also, La. C.Cr.P. art. 843, which requires that all trial proceedings be recorded. Louisiana jurisprudence has consistently held that where appellate counsel was not trial counsel and no transcript of the testimony of trial is available, a defendant's right to "appellate review is rendered meaningless . . . and the interests of justice require that a defendant be afforded a new, fully-recorded trial." State v. Ford, 338 So.2d 107, 110 (La. 1976). See also, State v. Harris, 01-1910 (La.App. 4 Cir. 4/24/02), 817 So.2d 1164; State v. Johnson, 01-1909 (La. App. 4 Cir. 1/23/02), 807 So.2d 1071.
Courts have consistently held that a defendant is entitled to a new trial in cases where the unavailability of a trial transcript is not his fault. See Sublet; Harris; Johnson; State v. Clark, 00-0348 (La.App. 4 Cir. 12/13/00), 776 So.2d 1249. Johnson has been deprived of his right to a meaningful appeal of his conviction and sentence due to the unavailability of any transcripts in this case. Because the unavailability of these transcripts cannot be attributed to Johnson, we vacate his conviction and sentence and remand the case for further proceedings.
CONVICTION AND SENTENCE VACATED; REMANDED.