TERRI F. LOVE, Judge.
 

 l/fhe defendant, George Milanez, was granted an out of time appeal from two convictions which occurred six weeks before Hurricane Katrina struck the Gulf Coast. He now seeks a new trial on the grounds that he has been deprived of his right to a meaningful appeal of his convictions due to the unavailability of his trial transcript in this case. We vacate Mr. Milanez’s convictions and sentences and remand the case for further proceedings.
 

 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
 

 Mr. Milanez was charged with one count of being a convicted felon in possession of a firearm and with one count of possession of marijuana with the intent to distribute. At his arraignment, he pled not guilty to both charges. The court denied a motion to suppress evidence. The State then amended the second count of the bill of information to charge Mr. Milanez -with distribution of marijuana. A twelve-person jury found him guilty as charged on both counts. Sentencing was delayed due to other matters before the court and then further delayed by the intervention of Hurricane Katrina. The court denied Mr. Milanez’s motion for new trial and sentenced him to fifteen years on count one and thirty years on count two, to be served concurrently.
 

 JoTRIAL TRANSCRIPT AVAILABILITY
 

 Mr. Milanez subsequently filed a pro se writ application with this Court seeking to have his convictions reversed because the record and transcripts had not been lodged on appeal. This Court transferred the pleading to the trial court and the court granted Milanez an out of time appeal. The court reporter who sat for the trial later certified that she could not prepare the transcript of the trial because all of the tapes and/or stenographer notes were lost during the flooding, which inundated the city, and her home, following Hurricane Katrina.
 

 In his sole assignment of error, Mr. Milanez contends that his convictions and sentences must be vacated because the trial transcript is unavailable. The State concedes this argument, and we agree.
 

 This Court has repeatedly held that a defendant has both a constitutional and statutory right to a review of a complete record of all the evidence upon which a judgment of conviction and imprisonment is based.
 
 State v. Johnson,
 
 07-0851, p. 2 (La.App. 4 Cir. 9/12/07), 967 So.2d 538, 539,
 
 citing State v. Sublet,
 
 05-0123, p. 3 (La.App. 4 Cir. 5/18/05), 904 So.2d 778, 780:
 

 La. Const. art. I, § 19 provides in pertinent part: “No person shall be subjected to imprisonment ... without the right of review based upon a complete record of all evidence upon which the judgment is based.”
 
 See also,
 
 La. C. Cr. P. art. 843, which requires that all trial proceedings be recorded. Louisiana jurisprudence has consistently held that where appellate counsel was not trial counsel and no transcript of the testimony of trial is available, a defendant’s right to “appellate review is rendered meaningless ... and the interests of justice require that a defendant be afforded a new, fully-recorded trial.”
 
 *525
 

 State v. Ford,
 
 338 So.2d 107, 110 (La.1976).
 
 See also, State v. Harris,
 
 01-1910 (La.App. 4 Cir. 4/24/02), 817 So.2d 1164;
 
 State v. Johnson,
 
 01-1909 (La.App. 4 Cir. 1/23/02), 807 So.2d 1071.
 

 | -¡The remedy for a defendant whose trial transcript is unavailable through no fault of his own is a new trial.
 
 See
 
 Johnson;
 
 Sublet; Harris; Johnson; State v. Clark,
 
 00-0348 (La.App. 4 Cir. 12/13/00), 776 So.2d 1249.
 

 Mr. Milanez has been deprived of his right to a meaningful appeal of his convictions due to the unavailability of the transcript in this case. Because the unavailability of the transcript cannot be attributed to Mr. Milanez, we vacate his convictions and sentences and remand the case for further proceedings.
 

 DECREE
 

 For the above mentioned reasons, we vacate Mr. Milanez’s convictions and remand the case for further proceedings.
 

 VACATED AND REMANDED.