PAUL A. BONIN, Judge.
LA jury convicted Clifford Pierce of illegal possession of an automobile valued at *3 more than five hundred dollars. See former La. R.S. 14:69 B(l). Following habitual offender proceedings, the district judge sentenced him to the remainder of his natural life in prison, without the benefit of probation, parole, or suspension of sentence. See La. R.S. 15:529.1 A(l)(c)(i) and G.[1] The defendant, Mr. Pierce, timely[2] appealed his conviction and sentence.
Mr. Pierce, who is represented by different counsel on appeal than at trial, argues that he is entitled to a reversal of his conviction and a new trial because the district court cannot submit a transcript of the trial proceedings and has so certified to us the loss of the court reporter’s notes and tapes.
Because we find that the failure to submit a trial transcript is not attributable to the defendant and that without a trial transcript Mr. Pierce’s constitutional right |Rto judicial review of his conviction is rendered meaningless, we vacate his conviction and sentence, and remand this matter for a new trial.
I
“No person shall be subjected to imprisonment ... without the right of judicial review based upon a complete record of all evidence upon which the judgment is based.” La. Const. Art. I, § 19. A defendant has an absolute right to appeal a felony conviction. La. Const. ART. V, § 5(D). To effectuate this right to judicial review, the Legislature in felony cases, such as this, mandates that “the court stenographer shall record all proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel.” La. C.Cr.P. Art. 843. Thus, “[wjithout a complete record from which a transcript for appeal may be prepared, a defendant’s right of appellate review is rendered meaningless.” State v. Ford, 338 So.2d 107, 110 (La.1976).
The remedy for a deprivation of the right to judicial review based upon the unavailability through no fault of the defendant or his attorney of a complete trial transcript is a new, fully-recorded trial. Id. See also State v. Milanez, 09-1396, p. 3 (La.App. 4 Cir. 12/16/09), 28 So.3d 523, 525.
II
We do not find that the unavailability of the complete trial transcript is in any way attributable to the fault of Mr. Pierce. Most importantly, the district court has certified that the court reporter upon her retirement delivered her notes and | ¿tapes in this matter to the district court, but that they cannot be located. Thus, the reporter cannot prepare a transcript of the trial. *4 Loss of these materials was in no way occasioned by the defendant. See State v. Harris, 01-1910 (La.App. 4 Cir. 4/24/02), 817 So.2d 1164; State v. Johnson, 01-1909 (La.App. 4 Cir. 1/23/02), 807 So.2d 1071.
The prosecution argues that Mr. Pierce bears responsibility for the trial transcript’s unavailability because he delayed in filing a motion for appeal. See, e.g., State v. Gonzales, 95-0860 (La.App. 4 Cir. 9/18/96), 680 So.2d 1258 (shortly after the defendant was sentenced and granted an appeal in 1983, she escaped custody and remained at large for ten years; by that time, the notes for the trial were lost, and the transcript was unavailable); State v. Ford, 92-2029 (La.App. 4 Cir. 1/31/95), 650 So.2d 808 (the trial court granted the defendant’s appeal in 1980, but the appeal record was never lodged in the Supreme Court; the defendant learned of this fact in 1984, but he did not file any motion to have the appeal lodged until 1991, at which time the trial transcript was unavailable); State v. Clark, 93-0321 (La.App. 4 Cir. 10/27/94), 644 So.2d 1130 (the trial court granted the defendant an appeal at sentencing in 1982, but a week later the defendant sent a pro se letter to the court withdrawing his appeal; in 1990 he moved for an out of time appeal, but by the time of lodging the trial transcript was unavailable).
|sBut Mr. Pierce was not required to file an appeal from the initial sentence imposed when the prosecution had immediately filed a multiple bill against him. See n. 2, ante. Also, based upon our review of the minute entries in the district court, Mr. Pierce was placed on the “jail list” not less than thirty times so that he could be brought into court for the multiple bill hearing; on some occasions he was incarcerated either in Orleans Parish Prison, or Jefferson Parish Correctional Center, or the Louisiana Department of Corrections, or in the State of Georgia. These fruitless efforts extended over three years from November 2006 until February 2010. On some rare occasions during that period, when Mr. Pierce was successfully produced in open court, either his attorney was not present or court was cancelled. On August 19, 2006, the one occasion when both Mr. Pierce and his attorney were present together, the court continued the multiple bill hearing due to a trial which was in progress. This extraordinary delay was not occasioned through any fault of Mr. Pierce.
Thus, we conclude that the unavailability of the entire trial transcript is not attributable to the fault or inaction of Mr. Pierce. Without the trial transcript, we cannot discharge our function to review his conviction, and his constitutional right to review would be rendered meaningless.
DECREE
The conviction and sentence of Clifford Pierce are vacated. We remand the case for a new trial.
VACATED AND REMANDED

. Because of our disposition in this case, we are pretermitting review for errors patent, including any respecting the sentence imposed. See La. C.Cr.P. Art. 920(2).

. The prosecution raises in its brief (but not by a motion to dismiss appeal, see Rule 2-8.1, Uniform Rules — Courts of Appeal) that the appeal is untimely. The prosecution first suggests that Mr. Pierce had 30 days from an initial sentencing on August 18, 2006, but on that same date the prosecution filed its bill charging Mr. Pierce as a fourth offender and the multiple bill hearing was set for October 12, 2006. We conclude that when multiple bill proceedings are instituted within the delays for filing an appeal as provided in La. C.Cr.P.ART. 914 B, the delay for filing the appeal does not commence until the conclusion of the habitual offender proceedings. The prosecution second suggests that more than 30 days elapsed from the sentencing of Mr. Pierce as an habitual offender, which occurred on February 2, 2010. Mr. Pierce timely filed his motion for appeal on March 4, 2010, which is the thirtieth day.