STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-799


STATE OF LOUISIANA

VERSUS

ERICK GAIL GRAGG


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 21827-15
HONORABLE DAVID ALEXANDER RITCHIE, JUDGE

**********

**CHARLES G. FITZGERALD**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, Charles G. Fitzgerald, and Gary J. Ortego, Judges.



**REMANDED WITH INSTRUCTIONS.**

**Paula C. Marx**
**Louisiana Appellate Project**
**P.O. Box 82389**
**Lafayette, Louisiana 70598-2389**
**(337) 991-9757**
**Counsel for Defendant/Appellant:**
**Erick Gail Gragg**

**Steven C. Dwight**
**District Attorney**
**David S. Pipes**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**Counsel for Appellee:**
**State of Louisiana**

**FITZGERALD, Judge.**

Defendant, Erick G. Gragg, appeals his conviction and sentence for aggravated crime against nature.

## PROCEDURAL HISTORY

On September 3, 2015, Defendant was charged by Bill of Information with one count of crime against nature, a violation of La.R.S. 14:89, and one count of aggravated crime against nature, a violation of La.R.S. 14:89.1. While the charge of crime against nature was nolle prossed by the State, the charge of aggravated crime against nature proceeded to jury trial in October 2017. However, on October 27, 2017, the trial court declared a mistrial due to the inability of the jury to reach a verdict.

One year later, in October 2018, Defendant's second trial on the charge of aggravated crime against nature commenced with jury selection. This time, on October 19, 2018, a twelve-person jury unanimously found Defendant guilty of this offense.

Defendant, in turn, filed a motion for new trial. The trial court denied the motion in February 2019. Shortly thereafter, the trial court sentenced Defendant to thirty-five years at hard labor. However, in April 2019, the trial court held a hearing on its own motion to clarify Defendant's sentence, noting that the original sentence was indeterminate as to the time that would be served without benefits.[1] The trial

---

[1] The court minutes erroneously indicate that Defendant was sentenced to thirty-five years at hard labor with "twenty five (25) years to be served without benefit of probation, parole or suspension of sentence, with credit for time served." However, the trial transcript is silent as to the quoted language. It is well settled that when there is a conflict between the transcript and court minutes, the transcript prevails. *State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62.

court ultimately resentenced Defendant to thirty-five years at hard labor without the benefit of parole, probation, or suspension of sentence.

Defendant now appeals his conviction and sentence, asserting five assignments of error:

1. The trial court erred in denying defense counsel's challenge for cause of prospective juror Michael Rushing.

2. The trial court erred when it refused to strike juror Michael Rushing for cause after his responses showed he was biased and unable to follow the law. To the extent that this was not preserved at trial, this court should review and grant relief under the rubric of ineffective assistance of counsel.

3. Defendant has been denied his constitutional right to review on appeal due to the failure of the court reporter to identify which prospective juror is speaking during voir dire.

4. The indictment does not allege an offense committed when the victim was under the age of thirteen. Thus, the sentence imposed by the trial court violates Defendant's right to due process, as well as the Eighth Amendment of the Constitution of the United States and La.Const. Art. I, § 20, as it is illegally excessive, in that it exceeds the maximum sentence provided for the crime charged in the indictment.

5. The trial court erred in admitting State Exhibit S-1, the audio-visual recording of the victim's interview.

## LAW AND ANALYSIS

### I.    Errors Patent

In accordance with La.Code Crim.P. art. 920, we review appeals for errors patent on the face of the record. After reviewing the record, we find no errors patent.

### II.    Defendant's Third Assignment of Error

For the reasons given below, our review is limited to Defendant's third assignment of error.

In his third assignment of error, Defendant asserts that he was denied his constitutional right to appellate review because of the court reporter's failure to

2

identify the prospective jurors who were speaking during voir dire. In an effort to remedy the situation, we requested from the trial court a supplemental transcript of voir dire. While most of the prospective jurors were identified in the supplemental transcript, the prospective juror who said, "I can't give [Defendant] a fair trial," remained unidentified.

Thus, we issued a second order to the trial court, this time requiring that the court reporter review the voir dire audio recording and provide either an affidavit attesting that she is unable to identify the prospective juror or produce a second supplemental transcript. In response, this court received an affidavit from the court reporter verifying that she listened to the audio recording and could not identify the prospective juror.

Defendant asserts that the lack of identification of the prospective juror is a material and prejudicial omission from the transcript which requires reversal. After all, the prospective juror unequivocally stated his or her inability to be fair and impartial.[2]

Defendant further asserts that the identification could provide additional support for his first two assignments of error. For example, in his first assignment of error, Defendant argues that the trial court erred in denying defense counsel's challenge for cause of prospective juror Michael Rushing because of his "hostility to the facts" and inability to follow the law. Defendant speculates that the unidentified prospective juror could be Michael Rushing, which would strengthen his claim that the trial court erred in denying the challenge for cause.

---

[2] At the time of this statement, Defendant had already used all twelve of his allotted peremptory challenges under La.Code Crim.P. art. 799.

In *State v. Landry*, 97-499, pp. 2-3 (La. 6/29/99), 751 So.2d 214, 215-16 (footnote omitted), the Louisiana Supreme Court addressed a criminal defendant's right to a complete transcript, explaining as follows:

We have reversed convictions when material portions of the transcript were either incomplete or unavailable. In *State v. Ford*, 338 So.2d 107, 110 (La.1976), a second-degree murder conviction in which appellate counsel did not serve as trial counsel and the court reporter failed to record the testimony of four state witnesses, voir dire, and the State's opening statement, we held: "Without a complete record from which a transcript for appeal may be prepared, a defendant's right of appellate review is rendered meaningless." Similarly, in *State v. Jones*, 351 So.2d 1194 (La.1977), we held that the omission of a portion of the hearing on a motion for change of venue was not an "inconsequential omission" and required reversal because it was impossible to assess the existence of community prejudice or to ascertain whether the evidence supported the defendant's contention that the motion was improvidently denied. Again, in *State v. Parker*, 361 So.2d 226 (La.1978), reversal was required when the transcript of the closing argument could not be prepared and defendant assigned as error the State's closing argument. Likewise, in *State v. Rooney*, 187 La. 256, 174 So. 348 (1937), we reversed defendant's conviction and sentence, finding that the transcript relative to defendant's bill of exceptions was so defective that it made presentation of an appeal impossible.

In the present case, as in *Ford*, we are faced with an appellate counsel who did not serve as trial counsel. A criminal defendant has a right to a complete transcript of the trial proceedings, particularly where counsel on appeal was not counsel at trial. *U.S. v. Atilus*, 425 F.2d 816 (5 Cir.1970) citing *Hardy v. U.S.*, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964). "[W]here a defendant's attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he may properly perform his duty as appellate counsel, the interests of justice require that a defendant be afforded a new, fully recorded trial." *State v. Ford*, 338 So.2d at 110.

From the outset, we are faced with assignments of error relative to voir dire examination that we cannot resolve on the present record. Although the State asserts there are no defense objections recorded during jury selection, appellate counsel adroitly points to numerous defense counsel remarks which were transcribed as, "I [INAUDIBLE]." Furthermore, the record is replete with "(INAUDIBLE)" responses during critical portions of voir dire which make it impossible to ascertain why certain jurors were excluded. To worsen matters, not only are questions shown as inaudible, but the record indicates that the inaudible responses were made by unidentified jurors. . . . When we consider that there were approximately forty jurors excluded for cause,

4

there is almost nothing to justify the various exclusions because of the incomplete record. Clearly, on the deficient record before us, we cannot assure that no erroneous excuses for cause were made.

Like *State v. Landry*, appellate counsel here did not serve as Defendant's trial counsel; the missing portions of the record are not inconsequential; and we are presented with assignments of error pertaining to voir dire examination that cannot be resolved by reviewing the present record. Indeed, on the record before us, it is impossible to determine whether the unidentified prospective juror was Michael Rushing, as Defendant suggests, or someone else. Thus, it is impossible for this court to determine whether Defendant was prejudiced by the prospective juror's statement that he was unable to give Defendant a fair trial. So, is reversal warranted? If we follow the below jurisprudence, the answer is no.

For instance, in *State v. Nanlal*, 97-786 (La. 9/26/97), 701 So.2d 963, the record was silent as to whether the defendant waived his right to a jury trial. Instead of reversing the defendant's felony conviction and sentence, the Louisiana Supreme Court remanded the case to the trial court for an evidentiary hearing. As the supreme court explained, "If the evidence shows that relator did not make a valid waiver of his right to a jury trial, the district court must set aside his conviction and sentence and grant him a new trial. Relator may appeal from any adverse ruling on the waiver issue." *Id.* at 964.

Under similar circumstances, this court in *State v. Clark*, 97-1064 (La.App. 3 Cir. 4/1/98), 711 So.2d 738, *writ granted and case remanded in light of supplemental filing*, 98-1180 (La. 9/25/98), 726 So.2d 2, remanded the case to the trial court for an evidentiary hearing, as opposed to reversing the defendant's conviction and sentence for first degree vehicular negligent injuring. The remand instructions given by this court were as follows:

5

> (1) conduct an evidentiary hearing within thirty days of this date to determine whether defendant knowingly and intelligently waived his right to trial by jury and (2) re-lodge the appellate record, supplemented with a transcript of the hearing, within fifteen days of the hearing. The State and defendant will be given the opportunity to file supplemental briefs, should either party wish to raise any issues arising from the hearing.

*Id*. at 742.[3]

Here, too, we choose to remand with instructions instead of reversing Defendant's felony conviction and sentence. As noted above, Defendant has raised several assignments of error related to voir dire, and the identification of the prospective juror is consequential to each assignment. Under the present circumstances, remand is a prudent safeguard of Defendant's right to a meaningful appellate review. In our view, allowing the parties to establish a record at an evidentiary hearing and submit new briefs to this court with the developed facts will best serve the interests of justice.

In sum, we remand the case to the trial court with instructions that the trial court conduct an evidentiary hearing within thirty days to determine the identity of the prospective juror who stated, "I can't give [Defendant] a fair trial[.]" A new appellate record containing the transcript of the hearing shall be lodged within fifteen days of the hearing. The State and Defendant will then be given the opportunity to file new briefs should either party wish to raise any issues arising from the hearing. Thereafter, this court will issue another opinion addressing Defendant's appeal of his felony conviction and sentence, along with all issues pertinent thereto.

---

[3] In *State v. Fuslier*, 06-1438 (La.App. 3 Cir. 4/4/07), 954 So.2d 866, this court reached the same conclusion: remand instead of reversal. *See also State v. Arnold*, 30,282 (La.App. 2 Cir. 1/21/98), 706 So.2d 578; and *State v. James*, 94-720 (La.App. 5 Cir. 5/30/95), 656 So.2d 746.

## DISPOSITION

This case is remanded to the trial court with instructions that the trial court conduct an evidentiary hearing within thirty days to determine the identity of the prospective juror who stated, "I can't give [Defendant] a fair trial[.]" A new appellate record containing the transcript of the hearing shall be lodged within fifteen days of the hearing. The State and Defendant will then be given the opportunity to file new briefs should either party wish to raise any issues arising from the hearing. Thereafter, this court will issue another opinion addressing Defendant's appeal of his felony conviction and sentence, along with all issues pertinent thereto.

**REMANDED WITH INSTRUCTIONS.**